[No. 7,119.—Department Two.]

## FRANK HEWITT v. JOHN ANDERSON ET AL.

REWARD.—In an action to recover a reward offered by the defendants for the arrest and conviction of any party guilty of a specified crime, the findings of the Court were in favor of the plaintiff, with the exception of the finding that none of the acts of the plaintiff were done with a view of obtaining said reward, or any part of it. *Held*, that he was not entitled to recover.

APPEAL from a judgment for the defendants, and from an order denying a new trial, in the Eighteenth District Court, County of San Bernardino. McNEALY, J.

*Paris & Allen*, and *H. Goodcell*, for Appellant.

Although the New York courts have held, that, in order to entitle one to an offered reward, it is necessary that he should have acted in view of it, yet we submit that the weight of authority, as well as reason and principle, are adverse to the New York decisions, and that one who performs the necessary acts is entitled to the reward, although such acts were performed without any *knowledge* of the offer of reward, and without any *view* to obtaining it. (*Auditor* v. *Ballard*, 9 Bush, 572; *Dawkins* v. *Sappington*, 26 Ind. 199; *Crawshaw* v. *City of Roxbury*, 7 Gray, 377; *Russell* v. *Stewart*, 44 Vt. 170; *Eagle* v. *Smith*, 4 Houst. 293; *Williams* v. *Carwardine*, 4 Barn. & Adol. 621.)

And see note in *Hayden* v. *Souger*, 26 Am. R. 6, where the authorities on this subject are collated, and where it is said: "Generally, a knowledge of the offer of the reward before the service was rendered is not essential to recovery."

Oct. 1880.]  HEWITT v. ANDERSON.  477

*John W. Satterwhite,* and *Byron Waters,* for Respondents.

Plaintiff must show that he knew reward was offered, and that he acted in reference to it, and in faith of getting it. (*Howland* v. *Lonsdale,* 51 N. Y. 604; *S. C.* 10 Am. R. 655; *Burke* v. *Wells, Fargo & Co.* 50 Cal. 218; *Ryer* v. *Stockwell,* 14 id. 135; *City Bank* v. *Bangs,* 2 Edw. Ch. 95.)

SHARPSTEIN, J.:

The defendant signed and caused to be published an instrument, of which the following is a copy:

" We, the undersigned, promise and agree to pay the sum set opposite our names for the arrest and conviction of any person who has, within the past six months, maliciously, and with intent to commit arson, burned any building in the town of San Bernardino, or who may in the future, with said intent, set fire to, attempting to burn, or shall burn, or cause to be burned, any building in the limits of said town." Opposite to the name of each of the defendants a certain amount is set, and the aggregate of those amounts is $900, for which the plaintiff sues. The findings of the Court, with one exception, are in favor of the plaintiff. That one is as follows: " That none of the acts of plaintiff were done with a view to obtaining said reward, or any part thereof, but all of said acts were done without any intention of claiming said reward, or any part thereof."

If this finding is justified by the evidence, the judgment rendered in favor of defendants cannot be disturbed. The evidence upon this point is conflicting. The plaintiff, on the trial, testified that he did do the acts upon which he bases his claim to the reward with a view to obtaining it. On the other hand, there was evidence introduced by the defendants which tended to prove that the plaintiff had stated, under oath, that he had not expected any reward. In view of that conflict, we would not disturb a finding either way. And we are satisfied, that under that finding the plaintiff cannot recover in this action. If he did not do the acts upon which he now bases his right to recover, with the intention of claiming the reward in the event of his accomplishing what would entitle him to it, he cannot recover it. If he _____ that a reward had been of-

fered, he might, upon the authority of some cases, recover. But we are not aware of any case in which it has been held that a party, after disclaiming any intention to claim a reward, could recover it.

Judgment and order affirmed.

MYRICK, J., and THORNTON, J., concurred.