(51 App. Div. 44.)

### VITTY v. ELEY, Trustee.

(Supreme Court, Appellate Division, Fourth Department. April 24, 1900.)

REWARDS—ARREST AND CONVICTION—VOLUNTARY INFORMATION—INFORMATION EXTORTED—EXPECTATION OF REWARD—JUDGMENT.

> Where the evidence in an action to recover a reward offered for arrest and conviction of a burglar showed plaintiff lived with, and was on intimate terms with, the burglar, saw the stolen articles, and gave information thereof which led to arrest and conviction, and there was evidence that such information was not voluntarily imparted with expectation of reward, but was extorted through fear of arrest for complicity, a judgment for defendant will not be disturbed.

Appeal from Niagara county court.

Action by John Vitty against Thomas Eley, trustee of school district No. 16 of the town of Lockport, to recover a reward. From a judgment in favor of the defendant, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Montford C. Holley, for appellant.
Donald S. Moore, for respondent.

SPRING, J. The defendant is trustee of a school district in the town of Lockport. In January, 1899, the school house in his district was broken into by one Joe White, and a quantity of property stolen therefrom or destroyed. The trustee, probably by authority of the citizens of the district, although his authority is not in question, offered a reward of $25 "for the arrest and conviction of the party or parties" who perpetrated the crime. The evidence shows that White and the plaintiff lived together, and were cronies. White, after breaking into the school house in the night, returned to plaintiff's house, bringing with him chalk, flags, window catches,

and other stuff which he had taken from the school house. He also had two chickens, evidently stolen, which were eaten in the household. Plaintiff saw White burn two of these flags, and secrete the other stuff under a board of the floor. White told plaintiff not to "say anything about this." The testimony, therefore, shows that plaintiff knew that White had stolen this stuff. Later on, after the reward, and with notice of it, he testified that he told the bartender in the saloon of Maher & Byrnes that Joe White broke into the school house; that Peter Hayes, who was working up the case, was called in from the back room, and the plaintiff then voluntarily told him what he had seen incriminating White. Hayes contradicted the plaintiff, and said he was called from the back room, and the following occurred:

"I said, 'I want you to come up to the sheriff's office, and make a statement as to what you know about breaking into this school house.' He says, 'I don't know anything about it; I was home in bed the night the school house was broken into.' I said, 'From what I hear, either you or Joe or both went into that school house.' He said, 'I didn't go in there.' I said, 'If you don't come up to the sheriff's office, and tell what you know about it, I will swear out a warrant against you.' He said that if he told what he knew about it he would have no place to stay. I said, 'I will find you a place to stay; come with me;' and we went to the court house, and called the sheriff out. I said, 'This man will make a statement.' We went into a side room. He said about what he testified this forenoon."

If his version of the transaction is correct, plaintiff did not voluntarily give up the information with the expectation of obtaining the reward, but it was extorted from him through fear that he might be arrested himself for complicity with White. There is considerable contrariety in the decisions as to the real basis to the right to a reward. It, however, seems to be settled in this state that it is in the nature of a contract inuring to the benefit of the person who gives the information. A few principles out of the conflicting cases, I think, may be stated, although there is no uniformity among them.

1. The information must be given with knowledge of the reward. Fitch v. Snedaker, 38 N. Y. 248; Howland v. Lounds, 51 N. Y. 604. I think the evidence warrants the conclusion that plaintiff knew of the reward, although that is a little shadowy; for apparently he could not read.

2. As I have suggested, it is a contract obligation. This being so, it must be the voluntary giving up of the information by the person. If corkscrewed out of him by threats inducing fear of prosecution, I take it no recovery could be had. That would destroy the contract element. In the early English case (Williams v. Carwardine, 4 Barn. & Adol. 621), the question of the motive was held to be unimportant; but the text writers and American authorities do not seem to have followed this doctrine strictly, although I find no case in this state distinctly overruling it. That case cannot be good law if the liability is contractual, as assent and a voluntary surrender of the information would be essential.

3. The authorities hold that the information must be imparted with a view to obtaining the reward (18 Enc. Pl. & Prac. p. 1155;

Hewitt v. Anderson, 56 Cal. 476); and in Howland v. Lounds, 51 N. Y. 604, the court say, at page 609:

"That a party claiming a reward of this character must give information, or do something having some reference to the reward offered, is very obvious. The action is, in fact, upon contract. Where a contract is proposed to all the world, in the form of a proposition, any party may assent to it, and it is binding, but he cannot assent without knowledge of the proposition."

In the present case the plaintiff does not claim there was any talk between him and Hayes to the effect that he expected the reward. The information given by the plaintiff was undoubtedly valuable, and even essential, to secure the conviction of White. The justice, however, on conflicting evidence, or upon inferences properly deducible from the evidence, has decided adversely to the plaintiff. This decision implies that he reached the conclusion that the information was imparted through fear of arrest, or without any expectation of receiving the reward. The conclusion is supported by the proofs, and we are not inclined to interfere with the disposition made by the justice.

The judgment is affirmed, with costs to the appellant. All concur.