RUBENSTEIN v. FROST et al.

(Supreme Court, Appellate Term.   May 7, 1909.)

1. PRINCIPAL AND AGENT (§ 101*)—POWERS OF AGENT—IMPLIED AUTHORITY—
   OFFER OF REWARD.
   One employed as a superintendent of trucking has no authority, im-
   plied from the nature of his position, to offer a reward for the recovery
   of his employer's horse and wagon and thereby bind his employer.
   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 255;.
   Dec. Dig. § 101.*]

2. REWARDS (§ 7*)—PREVIOUS KNOWLEDGE OF OFFER.
   One who claims a reward offered for the return of lost property must
   show that he found the property after he had learned of the reward and
   had acted in the discovery with a view of obtaining the reward.
   [Ed. Note.—For other cases, see Rewards, Cent. Dig. § 7;  Dec. Dig.
   § 7.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth Dis-
trict.

Action by Max Rubenstein against Samuel H. Frost and another.
Judgment for plaintiff, and defendants appeal.  Reversed.

Argued before GILDERSLEEVE, P. J., and DAYTON and
GOFF, JJ.

Benjamin Bulmer, for appellants.
J. Leon Brandmarker, for respondent.

GILDERSLEEVE, P. J.   The action is to recover $100 as a re-
ward for the finding and return of defendants' horse and wagon, which
had been stolen from defendants.  The latter deny that they ever offer-
ed any reward.  The court decided for plaintiff, and defendants appeal.

The plaintiff, while looking for his own horses, which had also been
stolen, learned by accident from a deputy sheriff of the whereabouts
of defendants' horse and wagon, and informed one Zuckerman, who
in turn informed defendants' carman, Armstrong.  The latter stated
to Zuckerman that there was a reward of $100 offered by defendants
for the finding of said horse and wagon.  Defendants claim that when
the property was stolen they consulted with the police as to the ad-
visability of offering a reward, but concluded not to do so.  Plaintiff
assisted Armstrong in getting the horse and wagon, and loaned Arm-
strong $15.42 for expenses, as Armstrong was short of cash, which
sum defendants paid back to plaintiff.  The latter swears that he asked
one of defendants if he was to get $100 reward, and that defendant
replied: "Well, it is all right; in a few days we will see you again"—
and that he took plaintiff's name and address.  Defendant denies that
anything was said about a reward, but that plaintiff asked, "How about
my time?"  To which defendant replied, "I appreciate that," but said
nothing more.  Plaintiff claims that defendant said: "There are too
many fellows in it.  The deputy sheriff wants a part of it."  Plaintiff
called again on defendants, with one Lichtenstein, who asked defend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant, "Are you going to give $100?" To which defendant replied, "No." There is no contradiction of defendants' evidence that, in point of fact, no reward was actually offered by defendants; and plaintiff relies on Armstrong's statement to Zuckerman, which the latter repeated to plaintiff, that there was a reward offered of $100 for finding the horse and wagon.

The horse and wagon had already been found by the deputy sheriff, and plaintiff had already communicated to Zuckerman this fact, which news had in turn already been communicated to Armstrong, before plaintiff had any information about any reward having been offered. Plaintiff, however, subsequent to learning from Zuckerman the statement of Armstrong about a reward, assisted the latter to gain possession of the stolen property. He received $15.42, as we have seen, from defendants for his expenses and for money loaned to Armstrong in regaining possession of the horse and wagon. Whether or not plaintiff's labor merited $100 does not appear, as he did not attempt to show the value of his services, even assuming a hiring by defendants or a promise by them to pay, but rested on his claim to a reward of $100.

There was no actual authority on the part of Armstrong to make any offer of reward on behalf of defendants. Armstrong was defendants' superintendent of trucking, and there was no implied authority on his part, based upon the nature of his position, to offer a reward for the recovery of his masters' property, and thereby bind his masters. Thurman v. Wells Fargo & Co., 18 Barb. 500.

Nor is there anything to warrant a finding of any ratification by defendants of Armstrong's statement to Zuckerman, nor is there anything sufficient to show that plaintiff had a right to assume any agency in the matter on the part of Armstrong. The evidence seems to show simply that plaintiff, having by accident discovered the whereabouts of the stolen property, communicated the information, without any knowledge of any reward or idea of being paid, and that, subsequently having been informed that there was a reward offered, he assisted defendants' carman in regaining possession of the property, and then he claimed the alleged reward for finding the property. Even assuming that there was a reward offered by defendants, to be entitled to it plaintiff should have shown that he found the lost property after he had learned of the reward and had acted in the discovery with a view of obtaining the reward. Howland v. Lounds, 51 N. Y. 604, 10 Am. Rep. 654; People v. Seaton, 60 Hun, 584, 15 N. Y. Supp. 270. As was held in Vitty v. Eley, 51 App. Div. 44, 64 N. Y. Supp. 397:

"The basis of the right to a reward is in the nature of a contract, and the information must be given voluntarily, with knowledge of the reward, and with a view to obtaining it."

In 24 Am. & Eng. Ency. of Law (2d Ed.) p. 957, we find the following:

"If the liability for the payment of a reward is really contractual, it would certainly seem that knowledge of the offer would be essential to bring about aggregatio mentium, which is the very foundation of a contract, at least of every other species of contract, express or implied; and this doctrine is in fact upheld by a strong line of authority."

In Howland v. Lounds, supra, the court says:

"In order to entitle a party to recover a reward offered, he must establish, between himself and the person offering the reward, not only the offer and his acceptance of it, but his performance of the services for which the reward was offered; and upon principle, as well as upon authority, in case of the performance of this service by one who did not know of the offer, and could not have acted in reference to it, he cannot recover."

Applying the principles above stated to the facts of this case, we reach the conclusion that the judgment in plaintiff's favor cannot stand.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.