PAULA RHEINHAUER, Plaintiff, *v.* ELIZABETH DE KRIEGES, Defendant.

City Court of the City of New York, Special Term, Kings County, December 30, 1946.

*Julius Datler* for defendant.

*Hyman I. Fishbach* for plaintiff.

BENJAMIN, J.  Defendant moves to dismiss the complaint which seeks recovery in the sum of $1,500 as and for services in returning to the defendant a bracelet claimed to have a value of upwards of $7,500.

The complaint alleges that on January 5, 1940, defendant inserted for publication in newspapers published and circulated in the city of New York, an announcement or advertisement, for publication on January 6, 7, and 8, 1940, as follows: " Bracelet containing 24 marquise, 12 half-moon, 78 baguette, 30 pentagon, 436 round diamonds; lost New Year's Eve at Hotel Plaza; liberal reward.   Whitehall 3-1336."

The complaint further alleges that on January 1, 1940, plaintiff found and lawfully acquired possession of the bracelet aforesaid and thereupon preserved and carefully safeguarded the same until the identity of the owner thereof could be ascertained and established.

This action, therefore, is an attempt by the plaintiff to have the court make a determination of what would constitute a " liberal reward," and to render judgment for such amount.

In support of its claim, plaintiff relies upon the case of *Pierson* v. *Morch* (82 **N. Y.** 503).

Defendant's counsel, in support of the motion, cites *Fitch* v. *Snedaker* (38 N. Y. 248), *Reynolds* v. *Eagle Pencil Co.* (285 N. Y. 448) and *Rubenstein* v. *Frost* (116 N. Y. S. 681). In the opinion of this court, none of the cases cited by either side are controlling on the issue.

The legal questions springing from offers of reward have occasioned much legal writing and a long line of decisions exist in New York State, none of which, however, appears to be particularly helpful in the determination of this controversy. (*Howland* v. *Lounds*, 51 N. Y. 604; *People* v. *Seaton*, 60 Hun 584, opinion in 15 N. Y. S. 270; *Sheldon* v. *George*, 132 App. Div. 470; *Vitty* v. *Eley*, 51 App. Div. 44.) The headnotes in these cases and language employed therein may be applied in support of the contention of either party to this litigation. Likewise, the ultimate determinations vary with the peculiar facts of the cases cited.

In the opinion of this court the underlying issue is relatively simple and lends itself to a clear-cut statement of the principles applicable. The complaint indicates that on January 1, 1940, plaintiff was in possession of the article of jewelry for which the reward was offered. Section 1300 of the Penal Law of the State of New York provides as follows: " A person, who finds lost property under circumstances which give him knowledge or means of inquiry as to the true owner, and who appropriates such property to his own use, or to the use of another person who is not entitled thereto, without having first made every reasonable effort to find the owner and restore the property to him, is guilty of larceny."

This law has since been reinforced by amendment of the Administrative Code of the City of New York adopted in 1941 requiring notice to the Police Commissioner of the City of New York within ten days after the finding of any article of value such as jewelry or money [Administrative Code, § 435-4.1].

Concededly, by this complaint, on January 5, 1940, plaintiff had such knowledge of the identity of the true owner as is contemplated by section 1300 of the Penal Law, and failure to restore the property to such owner under such circumstances would have constituted larceny.

Accordingly, the plaintiff in this case did that and only that which was imposed upon her as a duty pursuant to law and the performance of such an act or obligation constitutes no consideration to support a promise for the payment of a reward.

Situations such as this are clearly distinguishable from cases

where, acting upon an advertisement of this character, lost property is sought for and found. In such cases, an act not required of the finder is induced by the offer of reward, and, in acting upon such offer, a consideration results supporting the promise of the reward. But where, as here, notice of the identity of the owner of the property comes to the finder through the medium of the offer of reward after the property is already in the possession of the finder; clearly the doing of that which the finder was already obligated to do, to wit, return the property to the known owner thereof, is not such an act as entitles the finder of the property to remuneration.

In view of the grounds upon which this decision is placed, it is unnecessary to indicate the effect of the use of the term "liberal reward" in connection with the claimed unilateral contract. We do not determine, therefore, whether the opinion of the court or jury can be substituted for that of the offerer with respect to what constitutes a liberal reward.

To allow a recovery in this case upon the theory of the complaint would require an excursion into the value of the chattel and the determination of what fair percentage of such value would be compliance with the terms of the offer. The consummation of even a unilateral contract must be on the basis of a meeting of minds between the offerer and the one who accepts the offer by the doing of the act contemplated in the offer. Whether there could be such a meeting of the minds with respect to such an ambiguous offer as was here made is a question which does not require determination at this time.

It is the finding of this court that the act which the plaintiff claims was a compliance with the offer of reward was one which the plaintiff was required by law to perform, and, therefore, cannot be held to have been induced by the offer. Accordingly, motion is granted and the complaint is dismissed.