Joseph FRENSLEY,
Plaintiff–Respondent,

v.

Kelly B. MILLS, Defendant–Appellant.

No. 52947.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 8, 1988.

Paul L. Dobberstein, Jr., St. Louis, for defendant-appellant.

Nicholas Glen Higgins, Clayton, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant-buyer, Dr. Kelly B. Mills, appeals a judgment for plaintiff-seller, Billy Joe Frensley, for $12,050 plus pre-judgment interest in a breach of contract ac-

tion. This was a court-tried case. On appeal we must affirm the judgment if it is supported by substantial evidence, is not against the weight of the evidence, and is not based upon an erroneous declaration or application of the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In November, 1983, plaintiff proposed to sell nine head of cattle to defendant. The purchase price was disputed by the parties. At trial Frensley testified that he offered the nine head of cattle to Mills for $17,050 and he received $3,000 from Mills as the first installment on the day of delivery. Mills testified he wished to purchase eighteen head of cattle for $18,000. When Frensley arrived with only nine cows Mills accepted them, but later refused to pay more than $1,000 each. Frensley testified that Mills also agreed to pay a $500 delivery fee for the cattle.

The parties agreed that Mills hired Frensley as a cattle consultant but disagreed as to the duties of the job. Mills contended he owed $2,000 in outstanding consulting fees to Frensley, while Frensley stated the figure was $3,000. Mills also stated that Frensley agreed to a $5,000 reduction in the price for the cattle because a bull purchased previously by Mills was defective. Frensley sought $17,550 for the unpaid consulting fees, the outstanding balance on the nine head of cattle, and the unpaid delivery fee.

The court entered its judgment on February 24, 1987. The court assessed Frensley's damages against defendant, Mills, in the amount of $12,050 plus pre-judgment interest from February 1, 1984, in the sum of $3,330.95 for a total judgment of $15,-380.95.

In reviewing a judgment wherein the trial court made no findings of fact, this court must assume all fact issues were found in accordance with the result reached. Rule 73.01(a)(2); *Jensen v. Borton*, 734 S.W.2d 580, 584 (Mo.App.1987). Credibility of witnesses and the weight to be given their testimony is for the trial court to resolve in court-tried cases. *Harris v. R. Webbe Corp.*, 669 S.W.2d 578, 579 (Mo.App.1984); *Insurance Co. of the State*

*of Pennsylvania v. West Plains Air, Inc.*, 637 S.W.2d 444, 446 (Mo.App.1982).

Mills appeals alleging two points of trial court error: (1) the award of damages was erroneous because the evidence showed no "meeting of minds" occurred on price and thus no valid contract was formed and (2) the evidence does not support the amount awarded. Neither point merits reversal under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

All that is necessary to create an enforceable contract is that a "meeting of the minds" occurred and that the terms be certain or capable of being made certain. *Elliott v. Johnston*, 673 S.W.2d 807, 809 (Mo.App.1984). To determine whether a "meeting of the minds" occurred and an agreement reached, the court looks to the intention of the parties as expressed or manifested from their words or acts. *Revere Copper & Brass v. Mfrs' Metals*, 662 S.W.2d 866, 869 (Mo.App.1983); *Shofler v. Jordan*, 284 S.W.2d 612, 615 (Mo.App. 1955). We have reviewed the transcript and the evidence presented to the trial court. There was sufficient testimony for the trial court to conclude that a contract for the sale of cattle was made and breached.

The main issue submitted at the trial level was the question of price. From the judgment we see that the court accepted Frensley's figures of $17,050 as the agreed price of nine cows and the consulting fees of $3,000. The judgment indicates the court rejected Frensley's evidence of agreement for a $500 delivery charge. The court also accepted Mills' testimony that he was entitled to a $5,000 reduction due to the previously-purchased defective bull. There was no dispute that Mills paid Frensley $3,000 for which no judgment was necessary. The court therefore allowed damages of $17,050 less an off-set of $5,000 and entered judgment for $12,050 exclusive of interest. Frensley's testimony supports the $17,550. Mills' testimony supports a finding that he did not agree to pay a $500 delivery fee and was entitled to a $5,000 credit. Frensley did not appeal the rejec-

tion of his claim for the delivery fee or the offset.

Accordingly, we find the judgment for plaintiff, together with the pre-judgment interest, totalling $15,380.95 is supported by the evidence of agreement and amount.

We affirm.

SMITH and KELLY, JJ., concur.