**Lavonda BRAND, Plaintiff/Appellant,**

v.

**BOATMEN'S BANK OF CAPE GIR-ARDEAU, et al., Defendants/Respondents.**

**No. 59554.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Jan. 7, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 10, 1992.

Application to Transfer Denied March 24, 1992.

Lowes & Drusch, Albert C. Lowes and David J. Roth, II, Cape Girardeau, for plaintiff/appellant.

Spradling & Spradling, A.M. Spradling, III, Cape Girardeau, for defendants/respondents.

KAROHL, Judge.

Plaintiff, Lavonda Brand, sued Boatmen's Bank of Cape Girardeau, Boatmen's Life Insurance Co. and an employee of the bank seeking to recover approximately $4500 due under a credit life insurance policy, interest and damages for vexatious refusal to pay pursuant to § 375.420 RSMo 1986. Plaintiff also sought punitive damages from Boatmen's Life Insurance Company and James Reinagel, the employee defendant. Plaintiff claims defendant life insurance company failed to pay the amount due and owing after the death of her husband Fred Brand. The case was submitted to the trial court on stipulated facts. The trial court denied plaintiff relief and reformed the contract to reflect the actual agreement between the Brands and defendants: a credit life insurance policy on the life of plaintiff, not her now deceased husband.

Plaintiff appeals claiming (1) the misstatement of age clause and the incontestability clause of the insurance certificate bar defendant insurance company from contesting the contract and seeking reformation; and (2) reformation is an inappropriate remedy because there was no mutual mistake. Plaintiff also asserts several equitable maxims and defenses to preclude reformation of the contract.

The relevant uncontested facts are these. On September 3, 1986, plaintiff and her husband, obtained a loan from defendant bank to finance the purchase of a travel trailer. The Brands requested credit life insurance on Mr. Brand. However, they were told by defendant Reinagel, the loan officer, Mr. Brand was ineligible due to his advanced age. Subsequently, plaintiff requested credit life insurance on herself and signed the promissory note in accord with that request.

An encoding error by an employee in the note department of defendant bank resulted in a credit life insurance certificate being issued in the name of Fred Brand instead of LaVonda Brand.

Upon receipt of the certificate, plaintiff called defendant bank. She spoke with defendant Reinagel's secretary to inform the bank of the error. Defendant's secretary informed plaintiff the error was typographical and she would send a letter to defendant insurance company to correct the mistake. On October 31, 1986, defendant insurance company internally corrected the error but did not send a replacement certificate or written change of endorsement to the Brands. Thereafter, plaintiff informed defendant bank Mr. Brand was terminally ill and sought information on how to collect on the policy. Defendant bank then sent the Brands the written change of endorsement. Subsequently Mr. Brand died on July 4, 1989.

Defendant insurance company refused to pay on the policy. It claimed Mr. Brand was never the insured party. After her husband died plaintiff elected to pay off the trailer. Plaintiff instituted suit and defendants in their answer raised mutual mistake as a defense. It requested reformation of the contract to reflect the agreement between the parties.

Plaintiff first contends defendant bank has, in effect, "contracted away its right to reformation." She relies on the certificate of insurance which contains the following provisions:

MISSTATEMENT OF AGE: If the age of the Debtor has been misstated and the correct age was more than the maximum age stated in the Schedule on the maturity date of your debt, no amount is payable hereunder and the premium paid shall be refunded in full; provided, however, that if a certificate is issued in error to a Debtor who was more than the maximum age stated in the Schedule and he has correctly stated his age, coverage will remain in force for the term of coverage stated in the Schedule.

INCONTESTABILITY. The validity of this certificate shall be incontestable, except for non-payment of premiums, after it has been in force during the

lifetime of the debtor for a period of two years from its date of issue.... Since Mr. Brand properly disclosed his age and was a debtor under the policy as a signer on the note, plaintiff argues the above provisions apply. She claims this is exactly the situation anticipated and therefore, defendants are barred from contesting the contract and from seeking reformation.

The flaw of plaintiff's argument is it presupposes the existence of a valid contract between defendant insurance company and Mr. Brand. *See Hall v. Missouri Insurance Company,* 208 S.W.2d 830, 832–833 (Mo.App.1948). In *Hall,* the insurance company issued a life insurance policy on the life of James McElroy which named Hall as beneficiary. The policy contained both a misstatement of age clause and an incontestability clause. Insurance company refused Hall's demand for payment upon the policy after the death of Mr. McElroy, claiming the policy void. It based this decision on the fact that Mr. McElroy misstated his age and was over the age limit for coverage. The court found the policy never became a contract because the parties agreed that it should not if the insured was over a certain age. The *Hall* court reasoned an incontestability clause does not prevent enforcement of an age limiting clause contained in a policy. Since Mr. McElroy was over the specified age he was not within the class of persons entitled to insurance under this policy. The court noted the insurance company was not seeking to avoid a contract it agreed to. It contested only the validity of the policy, not the terms or provisions found within. This, the court found, is not prevented by the incontestability clause. The court awarded plaintiff judgment in an amount equal to the premiums paid on the policy.

■ As in *Hall,* defendant insurance company in this case contests plaintiff's claim that there was ever an agreement to insure Mr. Brand or a contract based on such agreement. The issue becomes whether defendant insurance company contracted with plaintiff and her husband for the issuance of credit life insurance on the life of Mr. Brand. On agreed facts it did not.

■ The existence of a contract necessitates a "meeting of the minds." *Frensley v. Mills,* 746 S.W.2d 427, 428 (Mo.App. 1988). To determine whether a "meeting of the minds" occurred and an agreement reached, the court looks to the intention of the parties as expressed or manifested in their words or acts.

Here, we find no intent between the parties to contract for life insurance for the life of Fred Brand. Defendant bank informed plaintiff and Mr. Brand that Mr. Brand was ineligible for credit life insurance due to his advanced age. Plaintiff then signed the application for credit life insurance in her name. The certificate received by the Brands named Mr. Brand as the insured debtor. Plaintiff, realizing the mistake, called defendant bank to request a correction. Defendant bank acknowledged the error, explaining it was due to improper encoding and assured its correction. Subsequently, plaintiff and Mr. Brand obtained a second loan from defendant bank and requested credit life insurance again in plaintiff's name only. At this time plaintiff also requested information about the mistake in the first policy. Again, plaintiff received confirmation of the correction. At all times the intent of all parties was an agreement between plaintiff and defendant insurance company to insure plaintiff, not Fred Brand; a scrivener's error in the contract's integration resulted in Mr. Brand's name being placed on the original insurance certificate instead of the name of Mrs. Brand. The error was immediately noticed and acknowledged without any adverse result on anyone.

■ Since we find no contract existed for credit life on the life of Mr. Brand, the clauses, as applied, do not pertain to Mr. Brand and cannot, as plaintiff claims, be used to preclude defendant's contest of a contract with Mr. Brand. Nor would they preclude reformation. Point denied.

■ Plaintiff's second and third claims of error are dismissed as moot. A case on appeal becomes moot when circumstances

change and alter the parties' position so that the controversy ceases, and a decision by this court grants no relief. *Holland Industries, Inc. v. Division of Transportation of the State of Missouri*, 763 S.W.2d 666, 667 (Mo. banc 1989). Here, plaintiff contracted with defendant insurance company for credit life insurance on her life. The nature of a credit life insurance policy is to provide coverage on the life of the insured until the loan balance is paid off. Since plaintiff elected to pay off the loan, the contract terminated and reformation would therefore grant no relief.

Accordingly, the judgment is affirmed.

CARL R. GAERTNER, C.J., and AHRENS, J., concur.