Harold M. KLAMEN,
Plaintiff/Appellant,

v.

GENUINE PARTS COMPANY,
Respondent/Cross–
Appellant.

Nos. 61824, 61940.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 16, 1993.

Marvin Klamen, St. Louis, for plaintiff/appellant.

Carmody, MacDonald, Hilton & Wolf, P.C., John E. Hilton, Keven M. Cushing, Clayton, for respondent/cross-appellant.

PUDLOWSKI, Judge.

Plaintiff-appellant, Harold M. Klamen, appeals a judgment for defendant-respondent, Genuine Parts Company, in a court tried breach of contract action. Genuine Parts cross appeals a $2500 judgment in quantum meruit awarded to plaintiff. On appeal, we must affirm the judgment of the trial court if it is supported by substantial evidence, is not against the weight of the evidence, and is not based upon an erroneous declaration or application of the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We affirm.

Appellant is a real estate investor who, as part of his business, tracks newspaper notices of foreclosures and tax sales. When appellant espies distressed property, he clips the notice and pastes it to a three-by-five card. If appellant is interested in purchasing such property, he visits the location. While examining delinquent tax notices, appellant observed that respondent's warehouse located in the city of St. Louis was subject to a tax sale because respondent had failed to pay its city taxes. Appellant discovered respondent's warehouse was in full operation and valued in excess of $1,000,000.

Appellant telephoned respondent's offices in Atlanta, Georgia. Initially, appellant offered to provide some valuable information to respondent, if respondent would in return pay appellant $10,000 for the information. Appellant was told by respondent's employee that respondent does not pay for undivulged information. Appellant continued to call respondent's offices in Atlanta. The exact nature of the phone conversations was disputed by the parties. What is clear is that respondent's employee asked appellant to send the information on the tax sale. Respondent used the information, hired counsel in St. Louis and had the tax sale set aside.

Appellant brought the instant action claiming respondent breached a unilateral contract on which appellant had fully performed. Appellant claimed at trial that he was entitled to $10,000 for providing respondent with the tax sale information. The trial judge disagreed. In its order, the trial court found that appellant did, in fact,

provide respondent with previously unknown information that was of a financial benefit to respondent. However, the court found that there was no meeting of the minds between the parties and as such no contract existed. The trial court did award appellant $2500 in quantum meruit for the information appellant provided.

Additional facts will be developed as necessary.

For his sole point on appeal, appellant claims that a unilateral contract does not require a meeting of the minds and as such, appellant's failure to prove it was not fatal to appellant's breach of contract action. We disagree.

■ It has long been black letter law in Missouri that a meeting of the minds is a prerequisite to the formation of a contract. In *McClintock v. Skelly Oil Co.*, 232 Mo. App. 1204, 114 S.W.2d 181, 189 (1938), the court stated:

> To use a homely expression—it takes two to make a contract. There must be a meeting of the minds of the parties to a contract as to its terms and conditions.... This meeting of the minds is not based on some secret purpose or intention on the part of one of the parties, stored away in his mind and not brought to the attention of the other party, but must be based on a purpose and intention which has been made known or which, from all the circumstances, should be known. (citations omitted).

In fact, a "meeting of the minds" is necessary to create an enforceable bilateral contract. *Frensley v. Mills*, 746 S.W.2d 427, 428 (Mo.App.1988). To determine whether a "meeting of the minds" occurred, the court looks to the objective manifestations of the parties. *Id. Shofler v. Jordan*, 284 S.W.2d 612, 615 (Mo.App.1955).

■ A unilateral contract is defined in Missouri as a contract in which performance is based on the wish, will, or pleasure of one of the parties. *Vondras v. Titanium Research & Development Co.*,

511 S.W.2d 883, 885 (Mo.App.1974). The "classic" unilateral contract is one in which one party promises to pay another party for services or a product which the other party may supply at his discretion. *See id.* In a unilateral contract, no promisor receives a promise as consideration for his promise. *Aden v. Dalton*, 341 Mo. 454, 107 S.W.2d 1070, 1071 (1937).

■ Our research has failed to uncover an opinion in Missouri in which a court has specifically stated that a meeting of the minds is necessary to consummate a unilateral contract.[1] This could well be because the proposition is manifestly obvious. Without a meeting of the minds in a unilateral contract the promisee would be unapprised of his duty, there would be no cognizable offer, and acceptance would be impossible. In support of his argument that a unilateral contract does not require a meeting of the minds, appellant cites MAI 26.01 which provides:

> Your verdict must be for plaintiff, if you believe:
> First, defendant offered to (set out terms of offer) if plaintiff would (set out terms of plaintiff's performance), and
> Second, plaintiff performed the act[s] called for in such an offer with the intent to accept such offer, and
> Third, defendant knew of such performance, and
> Fourth, defendant thereafter did not perform what he so offered, and
> Fifth, plaintiff was thereby damaged.

Appellant's reliance is misplaced. The requisite terms of the offer are to be provided in the first paragraph of the verdict director along with the terms of performance. Quite clearly, if the terms of the agreement could be determined from the objective manifestations of the parties, there would be a meeting of the minds.

We have reviewed the transcript in the instant case. The testimony lends sufficient support to the trial judge's finding that no meeting of the minds occurred between the parties. Under appellant's theo-

**1.** One case from New York suggested that "[t]he consummation of even a unilateral contract must be on the basis of a meeting of the minds between the offerer and the one who accepts the offer by the doing of the act contemplated in the offer." *Rheinhauer v. DeKrieges*, 188 Misc. 747, 67 N.Y.S.2d 211, 213 (N.Y.Sup.Ct.1946).

ry of the case, when one of respondent's employees requested that the information about the tax sale be sent, the offer was made by respondent. Appellant contends that by mailing the information regarding the tax sale, appellant accepted respondent's offer. The problem is determining exactly what performance respondent expected from appellant. There was testimony that appellant expected $10,000 for simply providing the information. Appellant testified that he expected to be paid if the information was used; i.e. respondent used the information to set aside the tax sale of its warehouse. Respondent's employee testified that appellant was offering his brother's legal services to set aside the tax sale and that the fee would be for those services. In light of the simple request to send the information and the confusion of the parties as to the act to be performed, the trial court properly concluded that the parties did not reach a meeting of the minds.

Appellant was awarded $2500 in quantum meruit for the information he provided. Respondent contests the award in its cross appeal claiming appellant did not adequately set the value of his services because appellant did not set the reasonable value of his services through expert testimony. We disagree. The reasonable value of services of a witness can be set by that witness if he is qualified. *Beardsley v. Beardsley*, 819 S.W.2d 400, 403 (Mo.App. 1991). In a bench trial, the trial judge must give weight to the testimony of the expert witness but is not bound by that testimony and has broad discretion to determine the quantum meruit award. *Id.* Here, appellant who had 43 years of experience in the real estate business, testified that the services he provided were valued at $10,000. The trial judge awarded $2500. We cannot say that the trial judge abused his discretion.

Affirmed.

CRANDALL, P.J., and GRIMM, J., concur.