OPINION OF THE COURT
Peter J. Benitez, J.
Defendants are charged with petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth *629 degree (Penal Law § 165.40). The accusatory instrument alleges that, after losing his wallet, the complainant received a call from someone claiming to have the wallet. That person asked how much it was worth to complainant, suggesting a sum of $1,000 for the return of the wallet and its contents. The complainant agreed to place $1,000 in an envelope addressed to "Adam” and leave it with the hotdog vendor near the St. Regis Hotel at 1:15 p.m. that afternoon. The accusatory instrument further alleges that police observed defendant Correa in conversation with defendant Dadon near the St. Regis Hotel at about 1:25 p.m. that afternoon and then saw defendant Correa approach a nearby hotdog vendor. The police officer further observed two wallets in defendant Correa’s back pocket. Upon being arrested defendant Correa was placed in a police vehicle and after he was removed from that vehicle two wallets were found in the vehicle, one belonging to the complainant and one belonging to some other person. The accusatory instrument further alleges that, after being arrested, defendant Correa stated that he had asked the hotdog vendor for an envelope and defendant Dadon admitted that he had called the complainant and that both defendants were trying to return lost property.
Defendants move to dismiss the accusatory instrument asserting that the crimes of petit larceny and criminal possession of stolen property are not established by the facts pleaded. Specifically, defendants assert that the act of soliciting a reward for the return of lost property which they briefly possessed is not criminal under our statutes. They argue that they took reasonable measures to return the property, did not intend to deprive the owner permanently of that property, and that seeking a reward for its return was lawful.
Penal Law § 155.05, to the extent applicable to this case, defines larceny as follows:
"1. A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.
"2. Larceny includes a wrongful taking, obtaining or withholding of another’s property, with the intent prescribed in subdivision one of this section, committed in any of the following ways:
"(b) By acquiring lost property. A person acquires lost property when he exercises control over property of another which *630 he knows to have been lost or mislaid, or to have been delivered under a mistake as to the identity of the recipient or the nature or amount of the property, without taking reasonable measures to return such property to the owner.”
Penal Law § 165.40 provides that "a person is guilty of criminal possession of stolen property in the fifth degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof’.
Defendants argue that an intent to permanently deprive the owner of property need be established for larceny or criminal possession of stolen property to have been committed and that a temporary withholding of property is insufficient to constitute either crime. The statutes clearly provide that, as to larceny, either an intent to deprive the owner of the property or an intent to appropriate the property to oneself or another is required. Penal Law § 155.00 (4) provides that "to 'appropriate’ property of another to oneself or a third person means * * * (b) to dispose of the property for the benefit of oneself or a third person.” As to criminal possession of stolen property, an intent to benefit oneself or another or to impede the owner’s recovery of the property is required. Therefore, where a person offers to return the property for a reward, the proper analysis is whether such conduct establishes an intent to appropriate the property to the possessor.
Accordingly, when one acquires lost property which he knows to have been lost or mislaid and does not take reasonable measures to return it to its owner, he commits larceny and criminal possession of stolen property if his intent is to dispose of the property for the benefit of himself or another person. (See, People v Colon, 28 NY2d 1 [1971].) The issue presented here is, therefore, whether one who seeks to return lost property in return for a reward which he has solicited has made what the statute characterizes "reasonable measures” to return it and whether he has intended, by seeking a reward, to dispose of the property for his own benefit.
In Green v Heinrich (65 Misc 2d 622 [App Term, 1st Dept 1971], affd 38 AD2d 691 [1st Dept 1971]), a civil action for recovery of a reward for returning stolen stamps, the court held that "a purchaser, whose initial possession is not wrongful and who returns the stolen goods voluntarily upon a promise to pay a reward, should be and is entitled to the reward.” That court distinguished its facts from the situation where the finder of lost or stolen property waits until a reward *631 is offered before attempting to return the property to its owner. (See, Green v Heinrich, supra, at 622-623; compare, Rheinhauser v DeKrieges, 188 Misc 747 [NY City Ct, Kings County 1946].) In Rheinhauser (supra), the owner of the lost property put an advertisement in a newspaper offering a reward for the return of the property. The court held that, as the finder did not seek out the property in response to the offer of a reward but, rather, had the property prior to the offer of a reward and held the property until a reward was offered for its return, he was not entitled to a reward and, in fact, was guilty of a crime for holding the property until a reward had been offered for its return. These civil cases make it clear that a person is entitled to a reward for returning lost property when he has lawfully come into possession of that property by seeking the property in reliance upon a reward previously offered or, already lawfully in possession of the property, he responds to a reward offer initiated by the owner. However, the finder of lost property may not hold the property until the offer of a reward is made and cannot solicit a reward as a condition of returning the property.
The rationale of these civil action decisions is that a person cannot receive compensation for fulfilling a legal obligation that attaches upon finding the property, i.e., the obligation to make reasonable efforts to identify the rightful owner of the property and return it without seeking a benefit (reward) when one had not yet been offered.
In criminal cases, the same rationale has been applied to determine whether the finder of lost property has committed the crime of larceny or criminal possession of stolen property. In People v O’Reilly (153 App Div 854 [1st Dept 1912], affd, 207 NY 714 [1913]), the Court affirmed the judgment of conviction for the crime of criminally receiving stolen property where defendant solicited a reward for the return of lost securities. The Court characterized the attempt to obtain a reward as extortion and held that prior Penal Law § 1308 specifically provided that the holding of lost property while seeking a reward for its return constituted the crime of criminally receiving stolen property.
The current larceny and criminal possession of stolen property statutes do not specifically refer to the seeking of a reward for the return of lost property as being acts which render the conduct criminal. They do, however, specifically provide that a person commits a criminal act by withholding lost property with the intent to appropriate the property to himself or an *632 other, that is, with an intent to obtain a benefit from the withholding of the property. Clearly, when no reward has been offered by the owner, the seeking of a reward in exchange for the returning of lost property constitutes a withholding of that property with an intent to obtain a benefit. Although in such circumstances the withholding may be temporary, the intent, as required by the statute, is to permanently dispose of the property to one’s own benefit in that the reward sought would be a permanent benefit to its receiver. Furthermore, conditioning the return of the property on a reward where none has been offered does not constitute "reasonable measures” to return the property to its owner. Accordingly, larceny and criminal possession of stolen property are committed when one withholds lost property seeking a reward for its return. As the accusatory instrument here alleges that defendants sought a reward as a condition of returning the property, the information is legally sufficient to constitute the crimes charged and defendants’ motion to dismiss is denied.
Defendants assert that the People did not serve statement notice at defendants’ arraignment and that the statements made subsequent to arrest should be precluded. The court papers do not indicate statement notice being served at arraignment. Accordingly, the People must show that statement notice was timely served. If they should do so, a hearing is ordered on defendants’ motions to suppress the statements. A hearing is ordered on defendants’ motions to suppress the physical evidence recovered as a result of their arrest.