Malone Jr., J.
Appeal from an order of the Supreme Court (J. Sise, J.), entered May 16, 2011 in Fulton County, which, upon reargument, granted plaintiffs motion for summary judgment.
In 1998, William Bramer (hereinafter decedent) obtained a home equity line of credit from plaintiff that was secured by a mortgage on certain real property located in the Town of Mayfield, Fulton County. As part of that agreement, decedent elected to obtain credit life and disability insurance that, by its terms, covered only debt subject to a variable interest rate. In 2006, decedent converted the sums that had been advanced under the line of credit into a fixed rate loan. After decedent passed away in 2007, no further payments were made on the loan, prompting plaintiff to commence this mortgage foreclosure action against, among others, defendant Connie L. Conti (hereinafter defendant), who is decedent’s daughter and the administrator of his estate.
Defendant answered and asserted several affirmative defenses as well as a counterclaim, all of which were founded upon the allegation that the credit life insurance had not been properly canceled. Supreme Court denied plaintiffs motion for *1319 summary judgment, finding that questions of fact existed as to whether the conversion to a fixed rate loan had occurred and, in turn, whether the insurance had been properly canceled. Plaintiff then moved for reargument, asserting that the evidence demonstrated that decedent had a fixed rate loan and that, in any event, it was entitled to foreclose upon the mortgage even if insurance proceeds were available. Supreme Court agreed, granted reargument, and awarded summary judgment to plaintiff. Defendant appeals and we affirm.
Initially, we note that Supreme Court properly exercised its discretion in granting reargument. Although defendant complains that plaintiffs reargument motion was founded upon an attorney’s affirmation, the record reveals that counsel appropriately used that affirmation to mathematically demonstrate that the court had misinterpreted previously-submitted evidence regarding the loan conversion, and that the variable rate loan had, in fact, been converted to a fixed rate loan (see CPLR 2221 Ed]; Peak v Northway Travel Trailers, 260 AD2d 840, 842 [1999]).[1] On the merits, we agree with Supreme Court that the evidence conclusively establishes that the loan conversion took place, and we note that the insurance agreement plainly states that the credit life “insurance does not cover any Fixed Rate Loan.”[2] Although defendant argues that decedent was never properly notified that the insurance would be canceled and did not consent to cancellation, we note that, even assuming that defendant’s argument is correct, the loan conversion left no variable rate debt outstanding. Thus, the amount of any insurance was concomitantly reduced to zero (see 11 NYCRR 185.1 [m]; 185.6 [a] [1] [iii]; 185.13 [a] [3]; see also Brand v Boatmen’s Bank of Cape Girardeau, 824 SW2d 89, 91-92 [Mo Ct App 1992]), rendering any issues regarding cancellation immaterial under these circumstances. Accordingly, defendant has failed to raise any material questions of fact that would preclude summary judgment.
Defendant’s remaining arguments have been considered and found to be without merit.
Mercure, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

. Contrary to defendant’s argument, counsel’s affirmation in support of plaintiffs original summary judgment motion similarly served as a permissible “vehicle for the submission of’ admissible evidence (Zuckerman v City of New York, 49 NY2d 557, 563 [1980]; see Blueberry Invs. Co. v Ilana Realty, 184 AD2d 906, 908 [1992]).

. The agreement further advises that credit life insurance on any fixed rate loan must be applied for separately.