**MEDICAL SERVICES ASSOCIATION**
**d/b/a Shawnee Mission Medical**
**Center, Respondent,**

v.

**Lloyd PERRY, Appellant.**

**No. WD 44103.**

Missouri Court of Appeals,
Western District.

Nov. 12, 1991.

Ralph O. Wright, Gary W. Collins, Kansas City, for appellant.

Larry K. Enkelmann, Gladstone, for respondent.

Before LOWENSTEIN, C.J., FENNER, P.J., and ULRICH, J.

ULRICH, Judge.

Lloyd Perry appeals from a judgment rendered against him and in favor of Medical Services Association d/b/a Shawnee Mission Medical Center for medical services performed for his wife (now deceased) pursuant to the doctrine of necessaries. Mr. Perry argues that the doctrine of necessaries should be abrogated, or, alternatively, that insufficient evidence was presented that the medical services ren-

dered to his late wife were necessary. The judgment is affirmed.

On September 3, 1987, the late Mildred Perry was admitted to Shawnee Mission Medical Center. Mr. and Mrs. Perry had been married and living together as husband and wife since 1984. Prior to September 3, 1987, Mrs. Perry had been a cancer patient at Excelsior Springs Hospital. Mrs. Perry was admitted into the Shawnee Mission Medical Center with the assistance of her daughter from a previous marriage, without Mr. Perry's knowledge. Mrs. Perry signed the admission sheet and paid a fee with a check drawn on a joint bank account owned by Mrs. Perry and her husband. Mrs. Perry was an inpatient in the Shawnee Mission Medical Center for fifteen days. Mrs. Perry paid $1,500 of the total $9,100.90 billed by the Medical Center for medical services rendered to her during the fifteen days.

The Shawnee Mission Medical Center's amended petition stated a claim against Mr. Perry for medical services provided to Mrs. Perry. Mr. Reynolds, responsible for the Medical Center's accounts, testified about the services provided to Mrs. Perry and the reasonable costs of such services.

Mr. Perry was called as a witness by the Medical center. Mr. Perry testified that he and Mrs. Perry were married in 1984 and were residing as husband and wife on September 3, 1987. Mrs. Perry paid the Medical Center by a single check drawn on the Perrys' joint checking account a portion owed the Medical Center charged for services to her. The appellant stated his objection to his late wife's admittance to the Medical Center, which had been without his knowledge.

The trial court overruled Mr. Perry's motion for directed verdict at the close of the evidence. The trial court found that the services furnished to Mrs. Perry were necessary medical services while she was Mr. Perry's lawful wife. The trial court further found that the reasonable and proper value of the medical services rendered to Mrs. Perry amounted to $7,600.00 and that, as a matter of law, Mr. Perry was liable for those reasonable and necessary services.

Mr. Perry contends that the doctrine of necessaries should be abolished or, in the alternative, should be applied equally to both the husband and wife. The common law doctrine of necessaries is the law in Missouri. *See Johnson by Burns v. Johnson*, 811 S.W.2d 822, 825 (Mo.App. 1991); *Hulse v. Warren*, 777 S.W.2d 319 (Mo.App.1989). The doctrine has been a long standing principle of law. Neither statute nor case decision overturns the long standing doctrine of necessaries. *Gibson v. Muehlebach Funeral Home, Inc.*, 409 S.W.2d 759, 762 (Mo.App.1966).

Mr. Perry argues that if the doctrine of necessaries is not abrogated, the doctrine should be applied equally to husband and wife. Application of the doctrine of necessaries to wives as well as husbands does not affect Mr. Perry's case. However, Mr. Perry's proposal has been addressed. Although historically the doctrine originally required only a husband to pay the necessary expenses of his wife, the doctrine is now gender neutral and applies equally to each spouse. *Johnson*, 811 S.W.2d at 825; *Hulse*, 777 S.W.2d at 322. Where the husband and wife "have separate assets the spouse receiving the necessaries would have the primary responsibility or liability" to pay such costs. *Hulse*, 777 S.W.2d at 322. The other spouse would only be secondarily liable. *Id.* The spouses in *Hulse* brought their own assets into the marriage and continued to separate their assets. *Id.* The court in *Hulse* recognized the separation of assets and the wife's primary liability, as the recipient of medical services, for the costs of those services. *Id.* The court held that the wife's assets must first be exhausted before her husband could be liable. *Id.*

In the present appeal, the record is devoid of evidence that Mr. and Mrs. Perry maintained separate assets. Accordingly, Mr. Perry is primarily liable for the medical services his wife received. *Id.* Therefore, if the medical services which appellant's wife received were necessary, Mr. Perry is liable for their cost.

Mr. Perry contends that the Medical Center did not present sufficient evidence

that the services which his wife received were necessary. Mr. Perry argues that this insufficiency of evidence warrants reversal of the trial court's judgment. However, the record discloses substantial evidence that the Medical Center provided Mrs. Perry necessary medical services.

Mr. Reynolds testified that the medical services were provided to Mrs. Perry and that the costs charged for the services were reasonable. Additionally, the Medical Center called Mr. Perry as a witness. Mr. Perry testified that his wife had been receiving treatment for cancer at the Excelsior Springs Hospital. Mrs. Perry was then admitted into Shawnee Mission Medical Center, where she continued to receive medical treatment. Subsequently, Mrs. Perry was transferred back to the Excelsior Springs Hospital at the insistence of her husband, where she continued to receive treatment until her death a few months later. The Shawnee Mission Medical Center provided necessary medical services to treat Mrs. Perry's illness. "It is elementary that the husband is liable for the reasonable medical expenses of his wife residing with him." *Wilt v. Moody*, 254 S.W.2d 15, 19 (Mo.1953).

The trial court's judgment will be affirmed unless the record indicates that there is not substantial, competent evidence to support the judgment, the decision is contrary to the overwhelming weight of the evidence, or the trial court erroneously declares or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Thus, because the trial court properly applied Missouri law, which requires a husband to pay the necessary medical expenses of his wife, and because substantial evidence demonstrates that the medical services provided were necessary and the amount charged was reasonable, the trial court properly required Mr. Perry to pay the expense for his wife's medical services. The judgment of the trial court is affirmed.

All concur.