**CARDINAL GLENNON CHILDREN'S HOSPITAL, Plaintiff–Appellant,**

v.

**David CLARDY and Patricia G. Clardy, a/k/a Patricia Clardy, Defendants– Respondents.**

**No. 17736.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 22, 1992.

Jay B. Umansky, Kramer & Frank, P.C., St. Louis, for plaintiff-appellant.

Ronald D. White, Joseph W. Rigler, Williams, Robinson, Turley, Crump & White, Rolla, for defendants-respondents.

FLANIGAN, Judge.

Plaintiff Cardinal Glennon Children's Hospital, a corporation, brought this action against defendants David Clardy and Patricia Clardy, seeking the unpaid balance of a hospital bill reflecting services rendered to Jonathan Pierce, age 7. Jonathan is the son of Patricia Clardy and the stepson of David Clardy. The hospital is located in St. Louis. The sole witness at the non-jury trial was Debra Melvin, an employee of plaintiff, who is the supervisor of patient accounts. Neither defendant was present at the trial, although they were represented by counsel. The trial court entered judgment against plaintiff and in favor of both defendants. Plaintiff appeals.

Plaintiff contends that the judgment is "against the weight of the evidence which was uncontradicted and which clearly established that defendants are indebted to plaintiff on account of medical services rendered to the minor son of defendants."

This court reviews this non-jury case on both the law and the evidence as in suits of an equitable nature and gives due regard to the opportunity of the trial court to have judged the credibility of the witnesses. Rule 73.01(c).[1] This court considers admissible evidence which was rejected by the trial court and preserved. *Id.* "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron*, 536 S.W.2d 30, 32[2] (Mo.banc 1976). For the reasons which follow, this court holds that the judgment of the trial court is against the weight of the evidence and, under Rule 84.14, enters judgment in favor of plaintiff.

Debra Melvin testified that plaintiff's Exhibit 1 was an itemized statement of an inpatient stay for Jonathan. Exhibit 1 contains a "summary of the charges and estimated insurance coverage." It itemizes each service and product provided to the patient and an amount for each item. The posting was made on a daily basis. Exhibit 1 shows that Jonathan was admitted on June 26, 1990, and discharged on July 2, 1990. His address is shown as P.O. Box 266, Newburg, Missouri 65550. Melvin testified, without objection, that the hospital provided services to Jonathan totaling $8,341.94. She testified that a portion of the bill, exceeding $2,000, was paid by a medical insurance company.

Melvin testified: The charges shown in the itemization on Exhibit 1 were calculated on a daily basis by the units; the amounts set for those charges are the basic charge set by the hospital and they are comparable to those charged by other children's hospitals in St. Louis; the items set out in Exhibit 1 were actually provided to Jonathan; the unpaid balance on the charges was $6,141.94; demand had been made upon both defendants for payment and no payment had been made other than

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

the insurance payment. Exhibit 1 was received into evidence.

The trial court also received into evidence plaintiff's Exhibit 2, an in-patient registration sheet signed by Patricia Clardy at the time of the admission. This sheet showed that the address of Jonathan was P.O. Box 266, Newburg, Missouri 65550 and that he had sustained injuries by reason of an automobile accident. Patricia Clardy was listed as the mother and David Clardy as the stepfather, all having the same address. It contained the "guarantee" and agreement of Mrs. Clardy "to pay the charges at established rates at the time of service, for those services rendered."

Mrs. Melvin testified, without objection, that plaintiff's Exhibit 5 was a financial form which was sent to plaintiff by Mrs. Clardy. Exhibit 5 includes a copy of defendants' 1989 federal and Missouri joint income tax returns prepared in March 1990. The child was claimed as a dependent on the returns. Exhibit 5, signed by Mrs. Clardy on July 8, 1990, showed that the child made his home with the defendants at the same address shown on Exhibit 1 and the 1989 tax returns.

Mrs. Melvin testified that she had been employed by plaintiff for nine years and that the business records she identified were kept in the regular course of business and were made at or about the time of the transaction to which they refer. On cross-examination, she testified, with respect to Exhibit 1, that if she were asked about each of the charges, the charges of St. Louis Children's Hospital "are comparable to ours."

The judgment contains no findings of fact. In his argument to the trial court, defense counsel stated: "Under the law of this state, stepfathers are not liable for their stepchildren's medical bills." That statement, to say the least, is inaccurate.

The brief of respondents in this court includes the following arguments:

No witness was called by the hospital to establish that the respondent Patricia Clardy was related to Jonathan Pierce, that she requested the services be provided to Jonathan Pierce, or even that she was the same person named in the hospital's medical records....

Without establishing the veracity of the information contained in plaintiff's Exhibit 2, the hospital has failed to show any connection between the patient, Jonathan Pierce, and the defendant Patricia Clardy. Since the hospital did not establish any liability on the part of Patricia Clardy, the hospital failed to sustain its burden of persuasion on this issue....

[Exhibit 2] does not indicate that David Clardy requested any services from the hospital or agreed to be responsible for the account. The hospital failed to establish any basis upon which David Clardy may be held responsible for goods and services provided to Jonathan Pierce.... Claiming a stepchild as a dependent on a joint tax return cannot be equated to a request to provide medical services or an agreement to be responsible for the payment of the child's medical bills.

Section 453.400 reads, in pertinent part: "1. A stepparent shall support his or her stepchild to the same extent that a natural or adoptive parent is required to support his or her child so long as the stepchild is living in the same home as the stepparent." The evidence is sufficient to show that the child was living in the same home as the stepfather during the period the services were rendered.

The documentary evidence and the testimony of Mrs. Melvin support the findings, which this court now makes, that the services were provided the child, that the amounts charged therefor were reasonable, that the unpaid balance was due and payment demanded, and that both defendants are liable for the balance. Defendants presented no witness to challenge any of the evidence, documentary or otherwise.

The judgment is against the weight of the evidence.

The judgment of September 12, 1991, is hereby reversed. In lieu thereof, this court enters judgment in favor of the plaintiff and against the defendants, jointly and severally, in the sum of $6,141.94, with inter-

est thereon to commence as of September 12, 1991, at the legal rate.

It is so ordered.

MAUS and PREWITT, JJ., concur.