**FORD MOTOR CREDIT COMPANY,**
Plaintiff–Appellant,

v.

Mark C. FREIHAUT, Defendant–
Respondent.

No. 63296.

Missouri Court of Appeals,
Eastern District,
Division One.

March 1, 1994.

Millicent Akin–Dohr, Kramer & Frank, St. Louis, for plaintiff-appellant.

David W. Suddarth, Mueller & Suddarth, Troy, for defendant-respondent.

CRANDALL, Presiding Judge.

Plaintiff, Ford Motor Credit Company, appeals from the judgment in favor of defendant, Mark C. Freihaut, in a court-tried case, in which the court denied a deficiency judgment after plaintiff, a secured party, repossessed and sold a motor vehicle purchased by defendant. We affirm.

On August 3, 1990, defendant purchased, on credit, a 1990 Ford Ranger truck (truck) from Ray Price Ford–Mercury, Inc. (dealer). Defendant signed a "Missouri Vehicle Retail Installment Contract." The contract provid-

ed that the sale price of the truck was $15,-830.00. The amount financed was $14,838.50, payable in monthly installments, including interest, of $337.62, for 60 months beginning in September 1990. Dealer subsequently assigned its interest in the contract to plaintiff.

Defendant failed to make the monthly payments. In December, plaintiff repossessed the truck. The truck was sold at a private auction for $8,100.00.

Plaintiff's employee testified at trial that pre-sale notice of repossession and right to redeem was mailed to defendant at his last known address. The employee was not certain who mailed the pre-sale notice and did not actually see the notice being mailed, but she testified about the ordinary and customary office procedures for mailing such notices. She stated that plaintiff did not mail defendant the post-sale notification of the deficiency balance due. Defendant denied receiving any notice regarding the sale of the truck.

■ Plaintiff brought the present action against defendant for breach of contract, seeking a deficiency judgment for the difference between the balance due on the note and the amount realized by the sale of the truck. At the close of plaintiff's case, defendant orally moved for a directed verdict. He based his motion on two grounds: that plaintiff failed to comply with the pre-sale notice requirement of § 400.9–504(3), RSMo (Cum. Supp.1993) and with the post-sale notice requirement of § 408.557, RSMo (1986). The trial court granted defendant's motion for directed verdict, stating that it was doing so "in consideration as to all grounds that [defendant] did request." The trial court then specifically found that plaintiff did not comply with § 408.557 when it did not give the requisite post-sale notice of the sale to defendant prior to seeking a deficiency. Although the court did not make a specific finding on the plaintiff's failure to give the required pre-sale notice of § 400.9–504(3), all fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached. *See* Rule 73.01(a)(2). In addition, the judgment entered on the docket sheet was a general

grant of defendant's motion for directed verdict.

■ In a court-tried case, there is no verdict. *Stenger v. Great Southern Sav. and Loan Ass'n,* 677 S.W.2d 376, 383 (Mo.App. 1984). A motion for directed verdict, therefore, is treated as submitting the issues on their merits for the court's decision. *Id.* Appellate review is governed by the familiar principles of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). Thus, the judgment of the trial court will be upheld unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.* at 32.

■ Plaintiff raises two points, the second of which is dispositive of this appeal. In that point, plaintiff asserts that the trial court erred in denying a deficiency judgment on the basis that plaintiff did not comply with the pre-sale notification requirement of § 400.9–504(3).

Section 400.9–504(3) provides that "reasonable notification of the time after which any private sale or other intended disposition [of the collateral] is to be made shall be sent by the secured party to the debtor...." Section 400.1–201(26), RSMo (Cum.Supp.1993) defines "notification" as follows: "A person **'notifies'** or **'gives'** a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it...." In connection with notice, § 400.1–201(38), RSMo (Cum.Supp.1993) defines "send" as:

[T]o deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed ... to an address specified thereon or otherwise agreed, or ... to any address reasonable under the circumstances. The receipt ... within the time at which it would have arrived if properly sent has the effect of a proper sending.

■ Failure by a secured party to give reasonable notification of the sale of collateral as mandated by § 400.9–504(3) precludes that party from obtaining a deficiency judg-

ment. *Cherry Manor, Inc. v. American Health Care, Inc.,* 797 S.W.2d 817, 820 (Mo. App.1990). Any doubt as to whether there has been compliance with the provisions of § 400.9–504(3) are to be resolved in favor of the debtor. *Id.* at 821. The secured party seeking the deficiency judgment bears the burden of proving compliance with the notice requirement, including the burden of proving the sufficiency of the notice. *Id.*

From our review of the record before us, the trial court could have concluded that plaintiff did not send notification to defendant prior to the sale of the truck. Plaintiff's evidence was that someone sent the notice to defendant, because that was plaintiff's usual and customary practice when dealing with the sale of a repossessed vehicle. Plaintiff did not plead notice and did not attach a copy of the notice to its petition. Plaintiff's answers to interrogatories indicated that it did not know the identity of the person who mailed the notice. Plaintiff's employee testified that she did not mail the notice, did not know who mailed it, and did not observe the notice being mailed to defendant. Defendant offered no direct evidence that plaintiff did not mail the notice; he merely denied receiving notice.

The burden of proof on the issue of notice was upon plaintiff and plaintiff made a submissible case on that issue. Submissibility, however, does not mandate a finding in favor of the proponent on the issue of notice. A trial court's mere disbelief of the evidence adduced by plaintiff on the issue of notice is sufficient to support an adverse finding on that issue, even if defendant offered no evidence to refute plaintiff's evidence that notice was mailed. *See Eyberg v. Shah,* 773 S.W.2d 887, 893 (Mo.App.1989).

The trial court was not obligated to believe that notification was sent to defendant. In a court-tried case, the court is free to believe or to disbelieve all, part, or none of the testimony of a witness. *In re Estate of Moore,* 802 S.W.2d 192, 194 (Mo.App.1991). The trial court could have found from the evidence that plaintiff did not comply with the notice requirement of § 400.9–504(3). Plaintiff's point is denied.

In its first point, plaintiff contends that the trial court erred in finding that the post-sale notice requirement of § 408.557 applied to the present action. In view of our holding under Point II, as discussed above, we need not address plaintiff's point regarding its failure to give post-sale notice to defendant.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.