Celestine **HEAD**, Plaintiff–Appellant,

v.

**NATIONAL SUPER MARKETS, INC.,**
Defendant–Respondent.

No. 66645.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 2, 1995.

Donna Clark Frayne, Fred Roth, Inc., P.C., Clayton, for appellant.

Ann E. Hamilton, Terri K. Praszkier, Nat. Super Markets, Inc., Clayton, for respondent.

CRANDALL, Judge.

This is a slip and fall case. Plaintiff, Celestine Head, appeals from the trial court's grant of directed verdict, after the close of her evidence, in favor of defendant, National Super Markets, Inc. We reverse and remand.

In reviewing a directed verdict granted in favor of defendant, the appellate court views the evidence and permissible inferences most favorably to the plaintiff, disregards contrary evidence and inferences, and determines whether plaintiff made a submissible case. *Friend v. Holman*, 888

S.W.2d 369, 371 (Mo.App.W.D.1994). Directing a verdict is a drastic remedy. *Id.* A presumption, therefore, is made in favor of reversing the trial court's grant of a directed verdict unless the facts and any inferences therefrom are so strongly against the plaintiff as to leave no room for reasonable minds to differ as to a result. *Id.* Plaintiff may prove essential facts by circumstantial evidence as long as the facts proved and the conclusions to be drawn are of such a nature and are so related to each other that the conclusions may be fairly inferred. *Harris v. Woolworth*, 824 S.W.2d 31, 32 (Mo.App.1991).

Viewed in this light, the evidence established that on the morning of July 12, 1989 at approximately 8:30 a.m., plaintiff entered a store owned by defendant. She proceeded directly to the section of the store where over-the-counter drugs were sold; and after securing her items, returned immediately to the check-out lanes. The man who drove her to the store went to a different department of the store. As plaintiff approached the cashiers, she fell in the area between the ends of the aisles and the check-out lanes. The man who drove her to the store was standing at one of the check-out lanes and observed her fall.

Plaintiff's testimony was that she slipped on something "green and squashy, a cucumber or lettuce or something like that." Her medical records indicated that she told her treating physician that she slipped on a "pickle." The store manager picked something off the floor in the area where she had fallen and identified the substance as gum.

The store manager testified through deposition that inspections of the floor were made "all day long" and that all employees were responsible for inspecting the floor. He also stated that the store's usual practice was to have a porter on duty, whose responsibilities included inspecting and cleaning the floor. He acknowledged that a porter was not on duty at the time of the fall, because porters started work at 9:00 a.m. and the night crew in charge of cleaning the floor went off duty sometime between 7:00 and 7:30 a.m.

Plaintiff brought the present action for the bodily injuries she sustained in the fall. At

the close of her evidence, defendant moved for directed verdict on the basis that plaintiff failed to prove that defendant had actual or constructive notice of the hazard which caused the fall. The trial court sustained defendant's motion for directed verdict and entered judgment in favor of defendant.

On appeal, plaintiff contends the trial court erred in directing a verdict in favor of defendant because she made a submissible case on the issue of notice to defendant. Defendant counters that plaintiff failed to establish that the hazardous condition existed for a sufficient length of time for defendant to remedy the situation or to warn plaintiff of its existence, and that plaintiff failed to adequately plead or prove a "merchandising theory."

In *Sheil v. T.G. & Y. Stores Co.*, 781 S.W.2d 778, 779 (Mo. banc 1989), the plaintiff fell on a box in the aisle of a store. There was no evidence as to how long the box had been on the floor or as to whether it had been placed there by an employee or someone else. The Missouri Supreme Court held that a plaintiff could make a submissible slip and fall case against a store owner without showing that the danger existed for a certain length of time. *Id.* at 780. Recognizing that past cases emphasized the length of time the danger existed, the court stated, "[T]he precise time will not be so important a factor. More important will be the method of merchandising and the nature of the article causing the injury." *Id.* The court quoted the Restatement (Second) of Torts § 343 comment b (1965):

> To the invitee the possessor owes ... the additional duty to exercise reasonable affirmative care to see that the premises are safe for the reception of the visitor, or at least to ascertain the condition of the land, and to give such warning that the visitor may decide intelligently whether or nor to accept the invitation, or may protect himself against the danger if he does accept it.

*Id.* at 782. The court noted that the modern method of self-service merchandising invites the customer to traverse the aisles and to handle the merchandise. *Id.* at 780. The method of merchandising makes it " 'more likely that items for sale and other foreign substances will fall to the floor.' " *Id.* at 781

(quoting *Ciminski v. Finn Corp., Inc.*, 13 Wash.App. 815, 537 P.2d 850, 853 (1975)). The court stated that because of the defendant's method of merchandising, the box in the aisle on which the plaintiff fell was a "dangerous, foreseeable condition," against which the store had a duty to protect its customers. *Id.* at 781.

In *Moss v. National Super Markets, Inc.*, 781 S.W.2d 784, 785 (Mo. banc 1989), a companion case to *Sheil*, the plaintiff slipped on some liquid in the parking lot of a grocery store, not on the floor inside the store. The court reiterated that the "length of time" the liquid was on the parking lot was not so important to establish notice to the store owner, especially if the evidence established that employees were regularly in the area in which the accident occurred. *Id.* at 785–786. The court indicated that the plaintiff could make a submissible case against the store if there was evidence that the store's method of operation could have shown that its employees had the opportunity to observe the hazard. *Id.* at 786.

In *Pilley v. K–Mart Corp.*, 849 S.W.2d 293, 294 (Mo.App.S.D.1993), the plaintiff slipped on unidentified liquid on the floor at the entrance of a check-out lane. The store was characterized as a self-service store which contained a delicatessen where food items, including drinks, were sold. *Id.* at 296. The customers were permitted to carry food bought at the delicatessen as well as other merchandise throughout the store. *Id.* Relying on *Sheil's* determination that the precise length of time the dangerous item was in the area of the plaintiff's fall was not so important to establish notice, the court held that the plaintiff made a submissible case on the issue of the store owner's notice of the dangerous condition prior to the plaintiff's fall. *Id.* at 296–297.

As to the "merchandising theory," plaintiff's fall occurred in a super market. Although there was no direct testimony that the store was "self-service," there was evidence from which it could be inferred that the store utilized the self-service method of merchandising. Plaintiff testified that she proceeded to the over-the-counter drug section of the store to procure her items. The

**308**

man who drove her went to a different section for different items. Plaintiff testified that the store had a delicatessen and a department which sold salads. The evidence and inferences therefrom were sufficient for a jury to conclude that the grocery store's method of operation was self-service. Contrary to defendant's assertion, plaintiff did make a submissible case on a "merchandising theory."

In addition, as to defendant's notice, there was evidence that defendant sold the item on which plaintiff slipped. Although there was some discrepancy in the evidence as to the exact nature of the item, it was identified as either a piece of lettuce, cucumber, pickle, or gum. All of these items could be purchased in the store, and the store contained departments which sold deli sandwiches and salads. In addition, the night crew which cleaned the floor was off duty for about one hour before plaintiff's fall and the day porters did not report for work until one-half hour after the fall. Thus, although all defendant's employees were charged with the responsibility for checking the floor for foreign substances, there was a span of time of over one hour during which there was no employee working at the store whose primary responsibility was to check the floor. Finally, plaintiff fell in the area located between the aisles and the check-out lanes and was observed falling by the person who drove her to the store, who was standing in one of the check-out lanes. This evidence indicates that the item was on the floor in an area where employees had the opportunity to observe it. Based upon this evidence as well as evidence regarding defendant's method of operation, plaintiff did not have to prove the length of time the item remained on the floor to establish notice to defendant. There was sufficient evidence from which a jury could conclude that defendant had notice of the dangerous condition on the floor of the store.

Under *Sheil,* the defendant was required to use reasonable care toward plaintiff. *See Sheil,* 781 S.W.2d at 781. " 'What is reasonable depends upon the nature and the circumstances surrounding the business conducted.' " *Id.* (quoting *Ciminski,* 537 P.2d at 853). The liability of defendant is predicated on the foreseeability of the risk and the reasonableness of the care to plaintiff, which is a question of fact to be determined by the totality of the circumstances, including the nature of the store's business and the method of its operation. *See Spencer v. Kroger Co.,* 941 F.2d 699, 703 (8th Cir.1991). Plaintiff made a submissible case and the trial court should have permitted the jury to determine defendant's liability based upon the facts of this case. The court erred in granting a directed verdict in favor of defendant. Plaintiff's point is granted.

The judgment of the trial court is reversed and the cause is remanded.

CRANE, P.J., and DOWD, J., concur.