John HAWLEY BY Conservator
Margaret CORDELL,
Respondent,

v.

Claire HAWLEY, Appellant.

No. WD 50691.

Missouri Court of Appeals,
Western District.

Aug. 29, 1995.

Jerold L. Drake, Grant City, for appellant.

James W. Whan, Jr., Maryville, for respondent.

Before FENNER, C.J., P.J., and KENNEDY and LAURA DENVIR STITH, JJ.

FENNER, Chief Judge.

Appellant, Claire Hawley, appeals from a judgment entered against her in an action by her husband, John Hawley, for necessaries. Appellant contends that the trial court erred in granting her husband's petition for necessaries because his claim is barred by an antenuptial agreement entered into between Mr. and Mrs. Hawley prior to their marriage.

The record reflects that Claire Hawley and John Hawley were married in 1966. Prior to their marriage, Mr. and Mrs. Hawley entered into an Antenuptial Agreement (the "Agreement"). Mr. and Mrs. Hawley brought separate property to the marriage and, by the terms of the Agreement, were to hold such property "separate and apart" while married and upon death.

For health reasons, Mr. and Mrs. Hawley moved into Parkdale Manor Care Center ("Parkdale"), a skilled nursing facility in Maryville, Missouri, on February 9, 1993. Mr. Hawley is unable to live alone and requires dedicated nursing care such as is offered at Parkdale. Mr. Hawley's necessary living expenses at Parkdale average $2,231.71 per month.

Mr. and Mrs. Hawley maintained separately titled assets and accounts during the course of their marriage. As of August,

1994, Mrs. Hawley had no dependents and had separate assets totaling $288,771.09 in the form of certificates of deposit, U.S. Savings Bonds, and checking and savings accounts. Mrs. Hawley earns an average of $1,314.42 per month as interest, and receives social security income in the amount of $608.00 per month.

A conservator was appointed for Mr. Hawley on July 29, 1993. As of August 25, 1993, Mr. Hawley had assets totalling $26,288.79. Due to the expense of the nursing home, his assets dwindled to $5,687.17 by July 31, 1994, and to zero by August, 1994. Mr. Hawley's sole source of income is social security in the amount of $512.00 per month. Mr. Hawley's conservator applied for governmental assistance to cover the expense of the nursing home from agencies such as the Veterans' Administration and the Missouri Division of Family Services. All aid was denied based on the value of Mrs. Hawley's assets.

On August 16, 1994, Mr. Hawley's conservator filed suit against Mrs. Hawley for payment of necessaries—the expense of his staying at the nursing care facility. Mrs. Hawley contended that the claim was barred by the Antenuptial Agreement entered into between Mr. and Mrs. Hawley. The trial court entered judgment in favor of Mr. Hawley and ordered Mrs. Hawley to pay all of her husband's expenses. This appeal followed.

■ Mrs. Hawley contends on appeal that the trial court abused its discretion by entering judgment in favor of Mr. Hawley because his action for necessaries was barred by the Antenuptial Agreement. Specifically, Mrs. Hawley contends that Mr. Hawley agreed not to make any claims against her property during her lifetime, as stated in paragraph three of the Agreement. Paragraph three states in pertinent part that:

That the Second Party [Mr. Hawley] ... covenants and agrees, in consideration that the said Claire Hawk will become his wife, that he will never at any time, claim any right, title or interest in or to any property, of any kind or character, which is now owned by the First Party, the said Claire Hawk, either during her lifetime, or on her death, ..., that he will not take, claim, demand or receive any right whatsoever in any property which the said Claire Hawk might own, but that she, the said Claire Hawk shall retain free and clear of any inchoate right of dower or curtesy, to him by reason of his becoming her husband, with full power and authority to sell, convey, encumber or dispose of her property, by will or otherwise, as she may deem proper.

Mrs. Hawley contends that the "property" referred to in paragraph three includes the type of support that is sought by Mr. Hawley in this case.

Review is under the standard established by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The trial court's decision must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.

■ The doctrine of necessaries is a long-standing principle of Missouri common law. Traditionally, this doctrine required the husband to pay for the necessary expenses of his wife. *Medical Services Ass'n v. Perry*, 819 S.W.2d 82, 83 (Mo.App.1991). The doctrine is now gender neutral and applies equally to require each spouse to pay for the necessaries of the other spouse. When such payment is refused, recovery for necessaries can be sought directly by the spouse, *Hulse v. Warren*, 777 S.W.2d 319 (Mo.App.1989), or by the provider of the necessary services, *Medical Services Ass'n*, 819 S.W.2d at 83.

Missouri law recognizes that the doctrine of necessaries also applies to situations in which the spouses separately bring assets into the marriage and hold them separately during the marriage. For example, in *Hulse v. Warren*, 777 S.W.2d 319 (Mo.App.1989), the spouses brought their separate assets into the marriage and continued to hold them separately throughout the marriage. The wife brought a claim for necessaries against her husband seeking reimbursement from him for funds she expended for her care. *Hulse* held that in such instances, the spouse receiving the necessaries is primarily responsible and liable. *Id.* at 322. The other spouse is secondarily liable and, thus, only

incurs liability once all of the assets of the primarily liable spouse are exhausted. *Id.*

Similarly, in this case, Mr. and Mrs. Hawley brought separate assets into the marriage and maintained them separately throughout. It is not contested that the care which Mr. Hawley is receiving is necessary. Therefore, Mr. Hawley, the recipient of the care, is primarily liable for his expenses. However, because his assets are exhausted, Mrs. Hawley is liable to pay for these expenses.

Moreover, the Antenuptial Agreement does not bar the recovery of necessaries by Mr. Hawley. It is questionable whether a spouse has the right to contract away the duties and obligations imposed by marriage, and Missouri common law, by executing antenuptial agreements such as the one involved in this case. This is because such agreements may not generally "include provisions varying the general personal rights, duties, and liabilities of the marriage relationship, such as provisions purporting to relieve the parties of a personal duty or obligation imposed by marriage." 41 C.J.S. *Husband and Wife* § 72 (1991). While this issue has not been directly addressed by a Missouri court, Missouri case law anticipates the existence of separate property by respective spouses, even by use of an antenuptial agreement, but still nevertheless imposes a duty to pay for the necessaries of the other spouse. *See, e.g., Hulse,* 777 S.W.2d at 322; *Johnson v. Johnson,* 811 S.W.2d 822 (Mo.App.1991) (while not directly addressing the issue, applying the doctrine of necessaries even where parties had entered in an antenuptial agreement).

 However, we do not need to reach this issue because the Antenuptial Agreement in this case does not expressly waive the maintenance sought by Mr. Hawley. Antenuptial agreements are unique agreements which are to be strictly construed. *Hosmer v. Hosmer,* 611 S.W.2d 32, 35 (Mo. App.1980). An antenuptial agreement must also be read as a whole in order to determine its purpose and meaning. "Dissection of an agreement into small, unrelated segments causes confusion and misunderstanding that vanish when the component parts are re-turned to the context of the whole contract." *Roberts v. Estate of Roberts,* 664 S.W.2d 634, 639 (Mo.App.1984).

The agreement between Mr. and Mrs. Hawley simply does not address the type of maintenance and support that is sought by Mr. Hawley. While the Agreement expressly addresses the use and control of property, it is silent as to maintenance and support. In addition, contrary to appellant's assertions, the terms "property" and "maintenance" are not synonymous under Missouri law. Missouri statutory law separates property, § 452.330, RSMo 1994,[1] and maintenance, § 452.335, in domestic relations actions. Missouri case law construing antenuptial agreements also recognizes the distinction between property and maintenance. *See, e.g., Heineman v. Heineman,* 768 S.W.2d 130 (Mo.App.1989). Moreover, when the Agreement is read as a whole, it is clear that it was meant to apply to issues of direct control over property, in particular upon death of one of the parties, and not to issues of maintenance and support.

Therefore, under the doctrine of necessaries, Mrs. Hawley is liable for expenses incurred for the necessary care of her husband, Mr. Hawley. The judgment of the trial court is affirmed.

All concur.

---

1. All sectional references are to Missouri Revised Statutes 1994, unless otherwise indicated.