MASSAC ENVIRONMENTAL
TECHNOLOGIES, INC.,
Appellant,

v.

FUTURA COATINGS, INC., Respondent.

No. 68798.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 24, 1996.

Kurt A. Hentz, St. Louis, for appellant.

Howard A. Wittner, Clayton, for respondent.

RHODES RUSSELL, Presiding Judge.

Massac Environmental Technologies, Inc. ("Massac"), appeals an order of the trial court granting a motion for judgment in favor of Futura Coatings, Inc. ("Futura"), at the close of Massac's evidence, because of Massac's failure to make a prima facie case for a suit on account. We hold that Massac did present a submissible case on account.. Judgment is reversed and the case is remanded.[1]

Massac's primary business was to provide consulting services regarding environmental issues. In 1992, a salesman for Massac contacted Futura regarding compliance with Missouri Underground Storage Tank Regulations. Futura was interested in closing some underground storage tanks on its property in order to be released from liability under Missouri law.

Representatives of Massac and Futura met and discussed the closing of Futura's underground tanks. At this initial meeting, they discussed unit prices for labor and equipment likely to be involved in closing the tanks. Following this meeting, Massac's president, Larry Schneider, appointed a project manager, Debra Sarvella, to the Futura project.

Massac submitted to Futura a scope of work which set forth the hourly rates for staff, services, equipment, and testing. Because Massac could not predict what contamination existed at the site, nor what the Missouri Department of Natural Resources ("DNR") and the United States Department of Energy ("DOE") would require, Massac was unable to quote a definite fixed total cost for the closing of Futura's underground storage tanks.

Futura agreed to have Massac perform eight borings as a preliminary screening for the closing of the tanks. Futura also requested Massac respond to a letter it had received from DNR. Sarvella continued work, submitting forms and correspondence to DNR and DOE, and keeping Futura apprised of the project's developments. Sarvella supervised meetings to prepare for the borings which Massac conducted in February 1993.

Thereafter, Massac received a DOE report indicating that three of the eight soil borings contained radiation. In early March, Massac received lab results indicating that the tanks were leaking several chemicals. The result showed a mixed chemical/radiological waste situation, which left Futura without a disposal outlet for the site's waste. After receiving these results, Sarvella prepared a soil boring report and submitted it to DNR.

Massac submitted to Futura an invoice for the project in the amount of $28,155.33 on May 17, 1993. A representative of Futura, Dean Jarboe, met with Schneider and agreed to make partial payment. On September 20, 1993, Futura remitted payment of $10,000 to Massac. Following meetings with DOE, Jarboe told Schneider he would pay the remaining balance due on the account, but no further payments were made.

Massac brought this suit on account seeking the remaining balance plus interest. On April 24, 1994, a bench trial was held. At the close of Massac's case, Futura moved for a judgment in its favor due to Massac's failure to make a prima facie case. Futura argued that Massac had not shown a "meeting of the minds" and had failed to establish the reasonableness of the charges for the services

---

1. Massac also appeals the denial of its motion for leave to amend its petition pursuant to Rule 55.33(b) to plead an action in quantum meruit. The motion was made after the trial court's ruling in favor of Futura. Given our ruling, it is unnecessary to address the denial of motion for leave to amend.

performed. The court granted Futura's motion. Massac filed a combined motion for reconsideration and new trial and leave to amend its petition to assert an action in quantum meruit. The motions were heard and denied. This appeal follows.

Massac asserts that the trial court erred in granting Futura's motion for judgment because Massac did present a submissible case on account. Massac maintains that there was sufficient evidence presented to establish the reasonableness of its charges and that a "meeting of the minds" occurred.

■ In reviewing a judgment in favor of a defendant for plaintiff's failure to make a submissible case, this court views the evidence and permissible inferences most favorable to the plaintiff, disregards contrary evidence and inferences, and determines whether plaintiff made a submissible case. *Head v. National Super Mkts.*, 902 S.W.2d 305, 306 (Mo.App.1995). There is a presumption in favor of reversing the trial court's grant of a judgment unless the facts and any inferences therefrom are so strongly against the plaintiff as to leave no room for reasonable minds to differ as to a result. *Id.*[2]

■■ An action on account is an action based in contract. *Helmtec Industries, Inc. v. Motorcycle Stuff, Inc.*, 857 S.W.2d 334, 335 (Mo.App.1993). The elements required to be proven were that Futura requested that Massac furnish services, that Massac accepted Futura's offer by furnishing such services, and that Massac's charges were reasonable. *Id.*

We find that sufficient evidence of each requirement was adduced so as to present a submissible case. Futura does not contest that it requested services be rendered and that Massac accepted the request by providing services. Futura does argue that there was no evidence presented as to the reasonableness of the charges. We disagree.

■ Reasonableness of the charges is established by proving: 1) the reasonableness of the total number of hours expended together with evidence that the hourly rate was reasonable; or 2) the lump sum amount was reasonable. *Jerry Ward Constr. Co. v. Executive Hills Home Builders, Inc.*, 777 S.W.2d 629, 630 (Mo.App.1989).

■ Massac's president testified how the charges of $28,155.33 were calculated and that it was a fair and reasonable price for such a project. A party may place value upon his own services. *Beardsley v. Beardsley*, 819 S.W.2d 400, 403 (Mo.App.1991). Such evidence was sufficient to present a submissible case on this issue.

■ Futura also argues that there was no evidence that a "meeting of the minds" occurred. In the normal action on account, a meeting of the minds is not a contested issue and need not be proven. *Flo–Products Co. v. Valley Farms Dairy Co.*, 718 S.W.2d 207, 208 (Mo.App.1986). Where controverted, however, the plaintiff must prove this as an additional element to the case. *Id.* Futura claims that in the present case "meeting of the minds" was at issue since Futura claimed there was never an agreement as to price. Futura argues that while there was an agreement as to the rate per hour and as to the various per diems which would be charged, there was never an agreement as to the total cost of the project.

■ To determine whether a "meeting of the minds" took place, the court is to look at the intention of the parties as expressed through their words or actions. *Brand v. Boatmen's Bank of Cape Girardeau*, 824 S.W.2d 89, 91 (Mo.App.1992).

■ The parties' actions in the present case indicate that a "meeting of the minds" took place. Futura clearly requested that Massac do environmental cleanup work on its site. Massac prepared a scope of work detailing its hourly rates for staff, services, equipment, and testing. Massac made clear

---

**2.** We note that both parties and the trial court treated this case as a failure to present a submissible case. We note, however, that if the trial court had treated the defendant's motion as submitting the case for determination on its merits, the standard of review would have been *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). See *Ford Motor Credit Company v. Freihaut*, 871 S.W.2d 129, 130 (Mo.App.1994).

that a total fixed price could not be set prior to beginning work, since much of what would be done depended on what Massac found at the site. Despite this, Futura requested that Massac begin work. After completion of its work, Massac submitted a bill to Futura, which Futura made partial payment on and indicated it would pay the balance due.

 It is not necessary that the total lump sum price of a project be agreed upon prior to its start. It is only necessary that the terms of the contract be certain or capable of being made certain. *Frensley v. Mills,* 746 S.W.2d 427, 428 (Mo.App.1988).

The terms of the agreement between Massac and Futura were capable of being made certain, as the hourly rate of work was provided as was a scope of work detailing what type of services were to be performed. There was sufficient evidence by Massac to make a submissible case that the conduct and action of the parties established a "meeting of the minds."

Judgment is reversed and the cause is remanded to the trial court for further proceedings in accordance with this opinion.

SIMON and KAROHL, JJ., concur.