**ST. LUKE'S EPISCOPAL–PRES-
BYTERIAN HOSPITAL,
Plaintiff/Appellant,**

v.

**Melvin UNDERWOOD and Shirley Underwood, Defendants/Respondents.**

No. 71758.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 16, 1997.

Gary Underwood, Newton G. McCoy, St. Louis, for plaintiff/appellant.

E. Rex Bradley, Louisiana, for Shirley Underwood.

William C. McIlroy, Bowling Green, for Melvin Underwood.

, CRANDALL, Judge.

Plaintiff, St. Luke's Episcopal–Presbyterian Hospital (hospital), appeals from the judgment of the trial court, entered in a court-tried case, in favor of defendants, Melvin Underwood and Shirley Underwood, at the close of the hospital's evidence, in an action

to collect the unpaid balance of a hospital bill. We reverse and remand for a new trial.

The evidence established that defendant, Melvin Underwood (patient), was admitted to the hospital's emergency room on May 16, 1993 and underwent heart by-pass surgery on May 18. He alone signed agreements to authorize treatment and to pay for the services rendered by the hospital. He remained in the hospital until June 7, 1993. The bill for services rendered by the hospital totaled $112,673.58.

In February 1994, the hospital brought the present action against patient and patient's wife, Shirley Underwood (wife), to collect the unpaid balance of patient's account, $108,299.08, plus interest. The action was in two counts: Count I was on account; Count II was based upon written agreement to pay. Under Count I, the hospital alleged that wife, as patient's spouse, was jointly and severally liable for the necessaries provided to patient. In an affidavit attached to the hospital's petition the director of patient accounts stated that the services rendered were "necessary" and that the amount charged was "reasonable."

At trial, defendants moved for directed verdict at the close of the hospital's evidence on the basis that the hospital failed to prove that the services rendered were medically necessary and that the charges were reasonable. The trial court entered judgment in favor of defendants, stating that it was granting defendants' motion for directed verdict.

■■■ Before addressing the points on appeal, we consider the propriety of a directed verdict in a court-tried case. In a court-tried case, there is no verdict. *Ford Motor Credit Co. v. Freihaut*, 871 S.W.2d 129, 130 (Mo. App. E.D.1994). A motion for directed verdict is treated as submitting the issues on the merits. *Id.* Appellate review is therefore guided by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will be upheld unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.*

In its first point, the hospital contends the trial court erred in entering judgment in favor of defendants at the close of its evidence on the basis that the hospital did not prove the charges for the services rendered to patient were reasonable. It argues that had the trial court permitted the credit assistant to testify, her testimony would have provided sufficient proof of the reasonableness of the charges. When the hospital's counsel attempted to elicit testimony from the credit assistant that the charges were reasonable, the trial court sustained defendants' objections to the testimony on the ground that such testimony was beyond the expertise of the witness.

■■■ An action on account is an action based on contract. *Massac Environmental Technologies, Inc. v. Futura Coatings, Inc.*, 929 S.W.2d 318, 320 (Mo.App. E.D.1996). Because the case before us is an action on account, the requisite elements to be proven are that patient requested that the hospital provide the services, patient accepted the services, and the hospital's charges were reasonable. *See id.* Here, the only element challenged by patient is the reasonableness of the charges for the services rendered by the hospital.

■■■ As to the issue of the reasonableness of the hospital's charges, the credit assistant testified that she had worked for the hospital for seven years and dealt with bills as part of her duties, which included the collection of accounts. She stated that the information contained in the hospital statement was recorded in the regular and ordinary course of the hospital's business as the services were provided to the patient. She testified that she was familiar with the method by which the hospital established its charges; namely, the hospital used a periodic survey of hospitals within the area to determine if its charges were in line with those of other hospitals. The credit assistant was qualified to testify on the issue of the reasonableness of the charges. *See, e.g., Heartland Health Systems, Inc. v. Chamberlin*, 871 S.W.2d 8 (Mo.App. W.D.1993) (Heartland's financial representative was permitted to testify that she was familiar with the charges in the medical industry for services of the same

type as those rendered to defendants); *Cardinal Glennon Children's Hosp. v. Clardy*, 833 S.W.2d 44 (Mo.App. S.D.1992) (testimony of the supervisor of patient accounts sufficient to prove charges were reasonable); *Board of Trustees of North Kansas City Memorial Hosp. v. Conway*, 675 S.W.2d 36 (Mo.App.1984) (supervisor of credit and collection at the hospital was qualified to express an opinion on the reasonableness of the hospital's charges).

The trial court erred in excluding the credit assistant's testimony. If such testimony had been admitted, the hospital could have established the essential element of the reasonableness of the charges for the services patient received. The hospital's first point is granted.

■ In its second point, the hospital charges error in the trial court's entering judgment against it because of its failure to establish the medical necessity of the services rendered. The requirement that the services be necessary is not a requisite element of an action on account. *See Massac*, 929 S.W.2d at 320. The hospital did not have to prove necessity in order to make a case against patient, the person who requested and accepted the services of the hospital. *See, e.g., id.*

■ As to wife, however, in light of the fact that she was not liable in contract for the services provided to patient, it was essential that the hospital establish that the services were necessary in order to hold her liable for payment for such services. The common law doctrine of necessaries is the law in Missouri. *Medical Services Ass'n v. Perry*, 819 S.W.2d 82, 83 (Mo.App.1991). Although historically the doctrine required only a husband to pay the necessary expenses of his wife, the doctrine is now gender neutral and applies equally to each spouse. *Hulse v. Warren*, 777 S.W.2d 319, 321–322 (Mo.App. 1989). Where the husband and wife have separate assets, the spouse receiving the necessaries would have the primary responsibility or liability to pay such costs; the other spouse would be secondarily liable. *Perry*, 819 S.W.2d at 83. Under the doctrine of necessaries, if the medical services patient received were necessary and patient maintained no separate assets, wife would be liable for the reasonable value of the medical services patient received.

In *Perry*, the husband of the patient challenged the doctrine of necessaries. *Perry*, 819 S.W.2d at 83. At trial, the person responsible for the medical center's accounts testified as to the reasonableness of the charges and the husband detailed his wife's hospitalizations. *Id.* Based upon this testimony, the appellate court concluded that there was "substantial" evidence that the services rendered to wife were necessary. *Id.* at 84. Accordingly, Perry was liable for the necessary medical services rendered to his wife. *Id.* at 83.

■ As to the issue of the medical necessity of the services rendered to patient, patient himself testified that he went to the hospital on May 15, 1993, with angina. He underwent surgery at the hospital and then stayed in the hospital until June 7, 1993. Patient's own testimony provided substantial evidence that the services rendered were necessary. The hospital made a prima facie case that the services were a medical necessity.

Wife, however, counters there was no evidence that she and patient were residing with each other at the time the hospital rendered the services to him, a prerequisite to her being liable for the reasonable medical expenses of patient. That issue was not before the trial court when it entered judgment in favor of defendants and it is not before us on appeal.

The trial court erred in entering judgment in favor of defendants on the ground that the hospital failed to prove that the services rendered to patient were necessary. The hospital's second point is granted.

In its third point, the hospital contends the trial court erred in dismissing its action for the reason that the affidavit of the director of patient accounts, attached to its original petition, would have provided the proof of the reasonableness of the charges and the necessity of the services. The trial court rejected the affidavit, reasoning that the director of patient accounts was not close enough to

rendering the services to fulfill the requirement of section 490.525, RSMo (1994) that the affidavit be "made by the person who provided the services." In view of our holdings under point one that the credit assistant was qualified to testify as to the reasonableness of the hospital's charges and under point two that there was substantial evidence to establish the necessity of the services, it is unclear whether the issue of the affidavit will arise again on retrial. Therefore, we decline to discuss this point on appeal.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

CRAHAN, C.J., and ROBERT E. CRIST, Senior Judge, concur.