**ST. FRANCIS MEDICAL CENTER, Plaintiff–Appellant,**

v.

**W. Edward REEVES and Jennifer Reeves, Defendants– Respondents.**

**No. SD 31182.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 5, 2012.

Daniel P. Finch, Cape Girardeau, MO, for Appellant.

W. Edward Reeves, Caruthersville, MO, for Respondents.

Before BURRELL, P.J., RAHMEYER, J., and LYNCH, J.

PER CURIAM.

St. Francis Medical Center ("Hospital") sued Edward and Jennifer Reeves, husband and wife (collectively "Defendants"), to collect what it alleged were unpaid medical bills relating to the birth of Defendants' child, James Reeves. Hospital's petition averred facts suggesting a recovery based upon the legal theories of express contract and action on an account. Following a bench trial, the trial court entered judgment in favor of Defendants. Hospital now timely appeals.

Hospital's first two points allege, respectively, that the judgment is not supported by substantial evidence and is against the weight of the evidence.[1] Hospital's third point alleges the trial court misapplied the law because Jennifer Reeves "had a contractual obligation to pay the reasonable medical bills for services she requested ... and [ ] Edward Reeves was liable for his spouse and child's bills under the Doctrine of Necessaries." Hospital's fourth point alleges "[t]he trial court erred in failing to admit [Hospital's] exhibits at trial."[2]

Hospital's fourth point is dispositive. Because the trial court abused its discretion in sustaining, "[b]ased upon the credibility of the evidence, [D]efendants' objections to the testimony and exhibits regarding bills and charges[,]" and the excluded exhibits addressed an essential element of Hospital's contract claim, we reverse the judgment and remand the case to the trial court, which is directed to receive and consider said evidence before rendering a judgment.

**Applicable Principles of Review**

We must affirm the judgment in a court-tried case "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We review the trial court's decision to exclude evidence for abuse of discretion. *Whitworth v. Jones*, 41 S.W.3d 625, 627 (Mo.App. E.D.2001).

**Background**

Upon her admission to the hospital, Jennifer Reeves signed and initialed certain consent forms. Those forms were attached to Hospital's petition and were subsequently received into evidence at trial, without objection, as exhibits 2, 5, and 8. Each of the three exhibits begins with the following paragraph:

> In consideration of the services to be rendered to this patient I agree to pay this account for this occasion of service at [Hospital] in accordance with its regu-

---

1. Because Hospital had the burden of proof, a judgment for Defendants requires no evidentiary support. "[W]here the evidence presented thereon [by the party with the burden of proof] is not conclusive, a judgment in favor of the opposing party requires no evidentiary support because the trier of fact may disbelieve the proponent's uncontradicted or uncontroverted evidence." *Stiff v. Stiff*, 989 S.W.2d 623, 628 (Mo.App. S.D.1999).

2. Defendants correctly note that Hospital's fourth point violates Rule 84.04(d). It does not identify the exhibits excluded by the court; it does not state concisely the legal reason(s) for the claim of reversible error; and it makes no attempt to explain why, in the context of the case, those legal reasons support Hospital's claim of reversible error. Nevertheless, the infirmity does not impede review because we can easily discern the nature of the complaint from the argument section that follows the defective point. We therefore exercise our discretion to review the claim on its merits. *See Bolt v. Giordano*, 310 S.W.3d 237, 242 (Mo.App. E.D.2010). All rule references are to *Missouri Court Rules* (2011).

lar rates and charges for services and goods at the time rendered. Delinquent accounts shall bear interest at the maximum legal rate. Should the account become delinquent and be referred to a collection agency or attorney, I shall pay all reasonable collection expenses, court costs and a reasonable attorney fee.

The only witness at trial was Hospital's business manager, Roberta Matlock. The following was the testimony given by Ms. Matlock as relevant to this appeal. She has been employed in Hospital's business office for 28 years, handling credit, collections, and billing matters. She is familiar with Jennifer Reeves's account. Jennifer and James Reeves were patients at Hospital. Hospital billed Defendants the "ordinary and customary charges" for the services and supplies furnished by Hospital. Hospital's charges are "fair and reasonable for [its] area" based on her experience working with reimbursements paid by Medicare, private insurance companies, and from studies prepared by independent consultants hired by Hospital to review how its charges align with charges imposed by other Missouri hospitals. Hospital's charges fall "in the middle" of that range.

Ms. Matlock brought to court, labeled as exhibits 1, 4 and 7, the bills for the services and goods Hospital provided to Jennifer and James Reeves. When Hospital's counsel then offered exhibits 1, 4, and 7 into evidence, Defendants made the following objection:

I do not think that the witness is shown to be qualified, by the witness' testimony, to testify to the reasonableness and necessity of the charges. The witness has not identified herself as being a medical—a licensed medical professional. And what she has testified to, as I digest her testimony, is that she works with Medicare and Medicaid and insurance companies, and for the most part they pay the bills that [Hospital] sends them. I don't believe that qualifies this witness to testify from her own knowledge as to the reasonableness and necessity of these bills.

The trial court took Defendants' objection under advisement, later explicitly sustaining it in its judgment for Defendants.

## Analysis

■ Hospital argues that Ms. Matlock laid the foundation necessary to admit exhibits 1, 4, and 7 as business records and qualified as someone with "knowledge of the value of the services rendered, the amount paid, and outstanding balance[,]" (quoting *Berlin v. Pickett*, 221 S.W.3d 406, 411 (Mo.App. W.D.2006)). Defendants provided no substantive response to Hospital's fourth point, choosing instead to rely solely on their claim that the point violated Rule 84.04.

This case went awry when the parties began to dispute whether Ms. Matlock was qualified to testify that Hospital's bills were "reasonable and necessary." Defendants' objection on that ground did not provide a basis for excluding the proffered exhibits on the basis that Ms. Matlock's testimony and the exhibits lacked sufficient "credibility" to be admitted into evidence. The trial court may also have believed that the objection provided a means of resolving the entire case; its judgment gives no indication (apart from the exclusion of Hospital's bills) of how the matter was decided.

■ The contracts admitted as exhibits 2, 5, and 8 each stated that the undersigned patient agreed to pay Hospital "in accordance with its regular rates and charges for services and goods at the time rendered." Ms. Matlock, as Hospital's business manager, was qualified to testify about such rates and charges and to lay the necessary foundation for admitting the bills as business records. *See Huffy Corp.*

*v. Custom Warehouse, Inc.*, 169 S.W.3d 89, 93 (Mo.App. E.D.2005) ("A witness is qualified to testify regarding a business record if he or she has sufficient knowledge of the business operation and methods of keeping records of the business to give the records probity").[3]  Any questions about Ms. Matlock's credibility (which was not the ground on which Defendants' objection was made) would be relevant only to the weight the trial court might choose to give the exhibits it wrongly refused to admit and consider.

Because the trial court abused its discretion in sustaining Defendants' lack-of-foundation objection to exhibits 1, 4, and 7, and because those exhibits constituted Hospital's evidence of its charges—an essential element of its contract claim—Hospital was prejudiced by the error.

Hospital's fourth point is granted.  The judgment is reversed and the matter is remanded to the trial court, which is directed to receive said exhibits into evidence and give them whatever weight it deems appropriate before rendering judgment.[4]

---

**3.** Proof that incurred medical bills were "reasonable and necessary" is generally at issue in cases where an injured plaintiff is attempting to recover those expenses in an action against a tortfeasor.  *See, e.g., Lampe v. Taylor*, 338 S.W.3d 350, 360 (Mo.App. S.D.2011) (plaintiff had burden to prove necessity and reasonableness of medical expenses as special damages in negligence action); *Hollis v. Blevins*, 927 S.W.2d 558, 569 (Mo.App. S.D.1996) (recovery of medical expenses in negligence action depends upon proof of reasonableness and necessity).  Here, the bills were admissible as support for Hospital's express contract claim.  In regard to Hospital's action on account theory, the bills were admissible and relevant to show what Hospital actually charged.  As to whether those charges were reasonable, Ms. Matlock's testimony was sufficient, if believed, to establish that fact.  *See, e.g., St. Luke's Episcopal–Presbyterian Hosp. v. Underwood*, 957 S.W.2d 496, 498 (Mo.App. E.D.1997) (credit assistant qualified to testify as to reasonableness of charges); *Heartland Health Sys., Inc. v. Chamberlin*, 871 S.W.2d 8, 11 (Mo.App. W.D.1993) (financial representative's testimony that she was familiar with customary charges in the industry for services rendered patient was sufficient proof of reasonable and customary charges).  Upon remand, the trial court may consider whether Hospital sufficiently pleaded and proved what it now asserts was an alternative ground for relief based upon the doctrine of necessities, relying, presumably, on the assertion in its petition that "Defendant(s) agreed to pay said charges upon discharge of said patient *or is otherwise so obligated to pay said charges.*" (Emphasis added.)

**4.** Because Hospital's fourth point is dispositive, we do not reach the other three.  Hospital's "Motion for Attorney's Fees" is also denied as it relates to a portion of the damages sought by Hospital in its contract claim, which is once again before the trial court for its consideration as a result of our remand.  The trial court may exercise its discretion in determining whether or not to receive any additional evidence before deciding the case.  *See Ironite Prods. Co., Inc. v. Samuels*, 17 S.W.3d 566, 570 (Mo.App. E.D.2000) ("general remand leaves all issues open to consideration for the trial court after remand").